OPINION OF THE COURT
Joseph J. Sedita, J.
This matter was brought on by an order to show cause why the court should not quash a subpoena duces tecum issued to the head of the Erie County Medical Society’s Ethics Committee for records concerning its investigation of the defendant doctor.
A proper determination of this matter will require an interpretation of section 6527 of the Education Law, which is proffered as a basis for the refusal of the medical society to turn over these records. An examination of case law in this area indicates that this judicial “joust” between the powers of the Grand Jury and this section of the Education Law appears to raise a question of first impression by a New York court.
The relevant portion of section 6527 of the Education Law states in part:- “Neither the proceedings nor the records relating to performance of a medical review function described herein shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law.” (Education Law, § 6527, subd 3.)
*495 Although the statute in question is clearly aimed at protection of these proceedings (medical society ethics committee) from disclosure, the disclosure for which this statute is a shield is explicitly stated to be disclosure pursuant to CPLR article 31. The authority which forms the basis for seeking these records by the Grand Jury is CPL articles 610 and 190. Section 6527 of the Education Law shields disclosure “except as hereinafter provided or as provided by any other provision of law.” There is simply no basis in this statutory language for prohibiting the effectuation of a Grand Jury subpoena duces tecum to examine these records.
This court is well aware of the dangers of indiscriminate disclosure of potentially sensitive information. (See our decisions in People v Doe, 117 Misc 2d 35; Matter of State of New York [Off of Mental Health Buffalo Psychiatric Center] [Civil Serv. Employees Assn.], 104 Misc 2d 1086.) The dangers of disclosure are substantially mitigated, however, by the mandatorily secret nature of Grand Jury proceedings. (See CPL 190.25, subd 4.)
We note that in addition to asserting a statutory basis for seeking to quash this subpoena duces tecum, there has been an assertion that the materials sought lack relevancy to the Grand Jury investigation. A Grand Jury subpoena duces tecum enjoys a strong presumption of validity. (See Virag v Hynes, 54 NY2d 437.) However, due to the potentially sensitive nature of the information sought, the court will direct that the material in dispute be submitted to the court for an in camera examination to determine if said materials are potentially relevant to the Grand Jury investigation.
Accordingly, this matter shall be continued pending an in camera examination by the court.