■ In the Matter of ALBANY MEDICAL CENTER HOSPITAL, Appellant, v GUY DENIS, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (McDermott, J.), entered October 6, 1988 in Albany County, which denied petitioner's motion pursuant to CPLR 2304 to quash a subpoena duces tecum.

Respondent is the subject of a professional misconduct proceeding instituted by the State Department of Health relative to care and treatment he rendered to patients in a hospital in Erie County. Dr. Steven Parnes, head of petitioner's division of otolaryngology, was the Department's primary expert witness at the hearing on the professional misconduct charges. Respondent served a subpoena duces tecum on petitioner seeking documents relating to certain written policies and procedures at the hospital for the period between 1982 and 1984. Petitioner moved to quash the subpoena duces tecum. Following denial of its motion by Supreme Court, petitioner agreed to partially comply with the subpoena, and, by its brief, has limited this appeal to only that portion of the order which includes "related documents, including minutes of meeting" pertaining to five items (B through F).

Petitioner contends, inter alia, that the materials sought are confidential and protected by Education Law § 6527. Petitioner further contends that the confidentiality statute was drafted with the avowed public policy and legislative intent of encouraging frank and open discussion in evaluating personnel, treatment and procedures designed to improve health care and eliminate malpractice (see, Lilly v Turecki, 112 AD2d 788; Lenard v New York Univ. Med. Center, 83 AD2d 860). We agree. Education Law § 6527 provides for confidentiality of records pertaining to the medical review function involving the evaluation and improvement of the quality of care rendered in hospitals. The materials sought all pertain to the reviewing and monitoring of physicians' actions, preventing

medical malpractice and improving health care. Petitioner has shown that the documents and minutes were obtained and maintained as part of its malpractice prevention committee and quality assurance programs *(see, Bush v Dolan,* 149 AD2d 799), the medical review function specifically protected by Education Law § 6527.

Having found a specific guarantee of confidentiality, the privileged information and material is not subject to release or disclosure no matter how strong the showing of need or relevancy *(see, Lilly v Turecki, supra).* Respondent would have us abrogate the statutory privilege upon the basis that he is not an adverse party seeking related materials for litigation purposes; rather he desires the subpoenaed records only for cross-examination of petitioner's medical expert. However, even while his subpoena is not so limited, there remains no such statutory exception. Disclosure and release of the minutes and related documents sought would inhibit the free and open exchange between doctors, hospital personnel and risk managers, and diminish the candor and thoroughness sought to be encouraged by the enactment of Education Law § 6527.*

Petitioner's remaining contention is that item B of the subpoena, which relates to all policies and procedures involving surgery, is overly broad. In opposition to the motion, respondent limited the subpoena to items involving surgical procedures, and to those areas on which Parnes testified. However, even as limited, the requested items fall within the confidential protection.

Order modified, on the law, without costs, by reversing so much thereof as denied petitioner's motion as to related documents, including minutes in items B through F; motion granted to that extent and subpoena duces tecum quashed as to those items; and, as so modified, affirmed. Mahoney, P. J., Weiss, Mikoll and Mercure, JJ., concur.

(May 31, 1990)

---

* The confidentiality provisions of Public Health Law § 2805-m were not effective until July 1, 1984 and, accordingly, do not apply to the subject records.