■ In the Matter of KRISTEN K., an Infant, by JOANNE K.,

Individually and as Mother and Natural Guardian, Appellant, v CHILDREN'S HOSPITAL OF BUFFALO, Respondent. (Appeal No. 1.) [614 NYS2d 89] —Order insofar as appealed from reversed on the law without costs and plaintiff's motion granted. Memorandum: Supreme Court erred in concluding that items sought by plaintiff were confidential and exempt from disclosure pursuant to Public Health Law § 2805-m. Supreme Court concluded that defendant Children's Hospital of Buffalo (Hospital) need not disclose reports concerning its investigation of an incident involving plaintiff's minor daughter, who was sexually assaulted while she was a patient in the Hospital; that the Hospital need not disclose the minutes of the Hospital Safety Committee; and that plaintiff was not entitled to a further deposition of the Hospital's chief security officer concerning the investigation he had conducted into the incident. Supreme Court determined that Public Health Law § 2805-l (2) (a) requires hospitals to report to the Department of Health any incidents involving "patients' deaths or impairments of bodily functions in circumstances other than those related to the natural course of illness, disease or proper treatment in accordance with generally accepted medical standards", and concluded that the incident involving plaintiff's daughter fell within that reporting requirement. Supreme Court held that the reports were confidential pursuant to Public Health Law § 2805-m (2).

Supreme Court read the reporting requirement of Public Health Law § 2805-l (2) (a) too broadly. In our view, that section refers only to incidents involving care and treatment. The incident involving plaintiff's minor daughter did not relate to her care and treatment. To extend the confidentiality provisions of Public Health Law § 2805-m to cases such as this would extend its protection well beyond the intent of the Legislature.

The Hospital's reliance upon Education Law § 6527 (3) is likewise misplaced because that section provides confidentiality for information relative to medical review functions (see, Armenia v Blue Cross, 190 AD2d 1025; Matter of Albany Med. Ctr. Hosp. v Denis, 161 AD2d 1030; Lilly v Turecki, 112 AD2d 788). We conclude that plaintiff is entitled to the discovery she seeks.

All concur except Lawton, J., who dissents and votes to affirm for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Order of Supreme Court, Erie County, Gorski,

J.—Discovery.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.