■ MARIA A. CREA, Respondent, v NEWFANE INTER-COMMUNITY MEMORIAL HOSPITAL, Appellant. [637 NYS2d 843] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: On June 1, 1993, plaintiff entered into an employment contract with defendant and Lockport Memorial Hospital. The contract provided that plaintiff serve for three years, on a time-shared basis, as a medical director of defendant and Lockport Memorial Hospital. Plaintiff's duties under the contract included the development and implementation of methods for credential review and delineation of privileges of physicians practicing in each hospital. By letter dated October 20, 1993, defendant's administrator gave plaintiff notice of termination pursuant to the contract, and plaintiff was terminated on November 3, 1993. Plaintiff commenced this action, alleging that defendant breached the contract by discharging her without cause. In its answer, defendant alleged 11 instances of the alleged failure of plaintiff to fulfill her duties and responsibilities under the contract. Thereafter, plaintiff served a notice to produce containing 19 demands. Defendant moved for a protective order and a confidentiality order striking demands 1 through 11, 14, 17 and 19 of plaintiff's notice to produce and limiting demands 13 and 15 to documents relevant to plaintiff's contract. Plaintiff cross-moved to compel production of the documents and files requested in the notice to produce. Supreme Court granted plaintiff's motion to compel the production of all items in plaintiff's notice to produce and ordered that the information remain confidential. Defendant does not object to furnishing the information in demands 12, 16, 17 and 18 and they are not at issue in this appeal.

The contention of defendant that Education Law § 6527 (3) precludes discovery of the information in demands 2 through

11 (files and documents relating to members of the medical staff) is without merit. The confidentiality afforded by Education Law § 6527 (3) "expressly applies only to information obtained in the course of a hospital's review proceedings" and, therefore, a party does not obtain the protection of the statute merely because "the information sought * * * *could* have been obtained during the course of a hospital review proceeding or an investigation by the Public Health Council * * * [T]he exemption applies only where the information was in fact so obtained" *(Bush v Dolan,* 149 AD2d 799, 800 [emphasis in original]; *see, Elmer v State of New York,* 179 AD2d 1000, 1001; *Byork v Carmer,* 109 AD2d 1087, 1088). Defendant failed to meet its burden of showing that the information sought in demands 2 through 11 was obtained in the course of hospital review proceedings.

Nevertheless, the documents sought in demands 2 through 11 are not discoverable; they are cloaked with the confidentiality provided by Public Health Law §§ 2805-j, 2805-k and 2805-m. Section 2805-m (2) provides that "[n]otwithstanding any other provisions of law, none of the records, documentation or committee actions or records" required to be maintained by Public Health Law §§ 2805-j and 2805-k shall be subject to disclosure under CPLR article 31. The documents and information sought in demands 2 through 11 require the production of information and files about staff credentials, malpractice insurance, privileges and licensure, which are records kept pursuant to Public Health Law §§ 2805-j or 2805-k, and are, therefore, not subject to disclosure. There is no merit to the contention of plaintiff that, because her action is for breach of contract and does not concern the care and delivery of medical services, Public Health Law § 2805-m is inapplicable. Plaintiff's reliance upon *Matter of Kristen K. v Children's Hosp.* (204 AD2d 1009) is misplaced. In that case, we held that information relating to defendant hospital's investigation of an incident of sexual abuse upon an infant plaintiff while she was a patient was not entitled to the privilege afforded by Public Health Law § 2805-m because the reporting requirements of Public Health Law § 2805-*l* (2) (a) applied "only to incidents involving care and treatment" and not to incidents relating to the hospital's security *(Matter of Kristen K. v Children's Hosp., supra,* at 1010). Here, the records requested in demands 2 through 11 were kept pursuant to the directives of Public Health Law §§ 2805-j or 2805-k and are not discoverable.

Demand 14 seeks files, documentation, memoranda, correspondence and any other writings relating to the Quality As-

surance Department for the years 1991, 1992 and 1993, and demand 19 seeks the "minutes of the medical staff committee, the minutes of the QA/RM committee for the years 1990, 1991, 1992 and 1993." Defendant met its burden of showing that the items in those demands are confidential under the Education Law. Those documents deal with the minutes of proceedings or records "relating to performance of a medical or a quality assurance review function" and do not come within the statutory exception of "statements made by any person in attendance at such a meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting" (Education Law § 6527 [3]; *cf., Swartzenberg v Trivedi,* 189 AD2d 151, *lv dismissed* 82 NY2d 749). They, therefore, are not subject to disclosure *(see, Armenia v Blue Cross,* 190 AD2d 1025; *McGlynn v Grinberg,* 172 AD2d 960; *Matter of Albany Med. Ctr. Hosp. v Denis,* 161 AD2d 1030).

Plaintiff conceded at oral argument that the records in demand 1 need not be produced because they have been updated and current copies of those files would be irrelevant. The court properly held that the information sought in demands 13 and 15 with respect to all minutes of defendant's Board of Directors for the years 1990 to 1993 and for the files and documents relating to accreditation by the Joint Commission of Accreditation of Health Care Organizations' Focus Survey for the years 1991, 1992 and 1993 are discoverable. The information in those demands is not protected by statutory confidentiality and is available to plaintiff under the broad rules of discovery *(see,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 406-407). The court properly directed that the information be used solely for the purposes of this litigation and otherwise remain confidential.

We, therefore, modify the order on appeal by vacating that part of the order granting plaintiff's cross motion to compel compliance with demands 1 through 11, 14 and 19. (Appeal from Order of Supreme Court, Niagara County, Rath, Jr., J.— Discovery.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.