■ In the Matter of an APPLICATION TO QUASH A GRAND JURY SUBPOENA. NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant; PEOPLE OF THE STATE OF NEW YORK, Respondent. [657 NYS2d 747] —In a Grand Jury proceeding to inquire into the death of Ira Medjuck, New York City Health and Hospitals Corporation appeals from an order of the Supreme Court, Kings County (Hall, J.), entered March 28, 1996, which denied its application pursuant to CPLR 2304 to quash a Grand Jury subpoena duces tecum.

Ordered that the order is reversed, on the law, without costs

or disbursements, and the application to quash the Grand Jury subpoena duces tecum is granted.

Although the Grand Jury's power to subpoena records as an exercise of its investigative powers is extensive, it is not unlimited (see, Matter of Stern v Morgenthau, 62 NY2d 331, 336). The Grand Jury may not violate a valid privilege, whether derived from the Constitution, a statute, or the common law (see, Matter of Stern v Morgenthau, supra). Here, the District Attorney issued a subpoena demanding production of Coney Island Hospital's quality assurance records. Public Health Law § 2805-m (1) provides that these records shall be kept confidential and shall not be released except to the Department of Health or another hospital considering granting privileges to a physician. This provision does not except from confidentiality the release of quality assurance records to the Grand Jury. Accordingly, the Supreme Court should have granted the application to quash the Grand Jury subpoena duces tecum. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.