■ KATHERINE F. et al., Respondents, v STATE OF NEW YORK, Appellant. [684 NYS2d 243] —Amended order, Court of Claims, New York County (Alan Marin, J.), entered October 24, 1997, which ordered the disclosure to claimant of respondent's investigation file, unanimously reversed, on the law, without costs, and discovery of the investigation file denied.

In this action for personal injuries allegedly sustained by the infant claimant while she was a patient at the Bronx Children's Psychiatric Center in the Bronx, claimant alleges that she was sexually abused by a male staff member at the hospital on a number of occasions.

In her discovery demands, claimant requested any accident or incident reports in the possession of defendant involving the incidents alleged in claimant's complaint, and the minutes of any meetings among defendant's employees respecting the incidents. Defendant objected to the disclosure of its investigation file since the records are privileged pursuant to the Education Law and the Mental Hygiene Law. The investigation file as well as the employee records of the alleged perpetrator were submitted to the court for an in camera inspection.

The Court of Claims directed disclosure of the investigation file, which consists of two incident reports, a safety department report and the facility's investigative report. We conclude that this was erroneous, inasmuch as the contents of the investigation file at issue are privileged under Education Law § 6527 (3).

"The Legislature, in Education Law § 6527 (3) and Mental Hygiene Law § 29.29, has created a statutory exception to the rules of discovery provided in CPLR article 31 with respect to, *inter alia,* a medical or a quality assurance review function" (*Brathwaite v State of New York*, 208 AD2d 231, 234 [holding that Education Law § 6527 (3) applied to the reports of the State of New York State Commission on Quality of Care for the Mentally Disabled (the Commission) as well as to reports generated by the investigated facility]). While the Fourth Department has held that the records of the Commission with respect to its investigation into claims of child and sexual abuse at a State psychiatric hospital are not privileged because they "did not result from an internal medical or quality assurance review proceeding" (*Elmer v State of New York,* 179 AD2d 1000, 1001), this Court in *Brathwaite* explicitly disagreed with that

narrow reading of the statute. Noting that Education Law § 6527 (3) prohibits disclosure of not only " 'records relating to performance of a medical or a quality assurance review function' ", but of " 'report[s] required by the department of health pursuant to [Public Health Law § 2805-*l*] * * * including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law' ", this Court concluded that "the relevent statutes, which, when read together, specifically exempt from disclosure 'reports of accidents and injuries affecting patient health and welfare' " (*Brathwaite v State of New York*, 208 AD2d 231, 234). The types of documents at issue here fall within the category of reports of injuries affecting patient health and welfare.

By the same token, we disagree with the holding of the Fourth Department in *Matter of Kristen K. v Children's Hosp.* (204 AD2d 1009; *see also, Feig v Lenox Hill Hosp.*, 167 Misc 2d 42, *appeal dismissed* 236 AD2d 897), to the effect that reports issued as part of a "security" function do not fall within the definition of privileged documents set forth in Education Law § 6527 (3). The types of incidents covered by Mental Hygiene Law § 29.29 (1) necessarily include incidents resulting from breaches of hospital security whenever those incidents result in accidents or injuries affecting patient health and welfare.

The investigation file at issue here is therefore protected from disclosure pursuant to Education Law § 6527 (3) and Mental Hygiene Law § 29.29. Concur—Williams, J. P., Wallach, Andrias and Saxe, JJ.