■ JENNIFER SONSINI et al., Respondents, v MEMORIAL HOSPITAL FOR CANCER AND DISEASES et al., Appellants, et al., Defendant. [693 NYS2d 17] —Order, Supreme Court, Bronx County (Jerry Crispino, J.), entered on or about July 24, 1998, which granted plaintiffs' motion to quash defendants' notice to take a nonparty deposition, unanimously affirmed; order, same court and Justice, entered July 27, 1998, which granted plaintiffs' motion to compel discovery, directed defendant Memorial Hospital to produce three individuals for examinations

before trial, and denied defendants' cross motion for a protective order, unanimously modified, on the law, the facts, and in the exercise of discretion, to reject plaintiffs' demand for transcripts of depositions or testimony by defendant doctors in other actions, and the matter remanded for the court's in camera examination of the New York City and State licensing and inspection reviews, the Department of Health Form 1975 Laboratory Evaluation Reports, and the reports issued by the American College of Radiologists or the Joint Commission on Accreditation of Health Care Facilities, to determine whether these documents are privileged under Education Law § 6527 (3), and otherwise affirmed; order, same court and Justice, entered December 11, 1998, which, to the extent appealable, granted plaintiffs' cross motion to compel discovery and to extend the time to file a note of issue, unanimously modified, on the law, the facts, and in the exercise of discretion, only to the extent of conforming the court's discovery directives with the aforesaid modification of the July 27, 1998 order, and otherwise affirmed, all without costs.

Defendants in this medical malpractice action have, for the most part, been unable to show that plaintiffs' various document demands seek to elicit material beyond the scope of legitimate discovery. First, defendants have largely failed to establish that the documents they seek to withhold are protected from discovery under Education Law § 6527 (3). In particular, we reject defendants' attempt to label the routine records and logs relating to the maintenance of the mammography equipment as "quality assurance" materials, so as to bring them within the language in section 6527 (3) that protects from discovery certain records relating to peer review procedures for the evaluation and improvement of medical care rendered in the hospital. However, because some of the documents sought may be exempt from disclosure as reports of independent review organizations making recommendations as to patient care and administration (*see, Zion v New York Hosp.*, 183 AD2d 386), we remand for an in camera document inspection by the court of any documents claimed by defendants to be within this category to ascertain which, if any, are entitled to such protection.

We also find that plaintiff's sweeping demand for all transcripts of deposition or trial testimony of the defendant doctors in prior actions, albeit limited on this appeal to testimony concerning medical issues, practices and concerns, should be rejected where she has failed to set forth her rationale as to why these transcripts are material and necessary to her cause

(*cf., Davis v Solondz*, 122 AD2d 401 [names and captions of prior lawsuits involving medical malpractice discoverable under certain circumstances]).

The court properly directed defendant Memorial Hospital to produce for deposition three individuals who have been called to testify on behalf of defendant Memorial Hospital and who, based upon deposition testimony already taken, would appear to have information relevant to this action. The court's grant of plaintiffs' motion to quash defendants' subpoena directed to a nonparty was also proper, since defendants were unable to show that the nonparty's testimony was necessary (*cf., Schroder v Consolidated Edison Co.*, 249 AD2d 69). Concur—Ellerin, P. J., Rosenberger, Andrias, Saxe and Friedman, JJ.