■ In the Matter of GRAND JURY SUBPOENA DUCES TECUM. THE PEOPLE OF THE STATE OF NEW YORK, Respondent; NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [709 NYS2d 513] —Order, Supreme Court, New York County (Brenda Soloff, J.), entered on or about September 3, 1999, which denied appellant New York City Health and Hospitals Corporation's (HHC) motion to quash portions of three Grand

Jury subpoenas duces tecum, and granted respondent People of the State of New York's motion to compel compliance, unanimously modified, on the law, to grant the motion to quash with respect to the reports prepared by amicus curiae Island Peer Review Organization, and otherwise affirmed, without costs.

Since HHC is not a "hospital" as defined in Public Health Law § 2801 (1), its quality assurance and peer review records are not privileged under Public Health Law article 28, which by its terms applies only to hospitals (*cf.*, *Matter of Grand Jury Subpoena*, 239 AD2d 412 [2d Dept]). Nor does it avail HHC to assert the quality assurance privilege contained in Education Law § 6527 (3), which protects against disclosure only in civil proceedings (*see*, *People v Okereke*, 117 Misc 2d 494; *see also*, *Matter of St. Elizabeth's Hosp. v State Bd. of Professional Med. Conduct*, 174 AD2d 225; *cf.*, *Katherine F. v State of New York*, 257 AD2d 539, *affd* 94 NY2d 200), or the public interest privilege, the People having demonstrated that the information subpoenaed is necessary to the investigation and is not duplicative of information already provided (*see*, *Matter of World Trade Ctr. Bombing Litig.*, 93 NY2d 1, 8-9). HHC's request for a protective order was also properly denied as unnecessary in view of the secret nature of Grand Jury proceedings (*see*, *People v Okereke, supra*). However, the documents prepared by amicus curiae Island Peer Review Organization, an outside, independent professional standards review firm, retained to make recommendations to the hospital as to patient care and administration, are privileged under Education Law § 6527 (3) (*see*, *Zion v New York Hosp.*, 183 AD2d 386, *appeal withdrawn* 81 NY2d 881; *Sonsini v Memorial Hosp. for Cancer & Diseases*, 262 AD2d 185), and we modify accordingly. Concur—Williams, J. P., Ellerin, Lerner, Andrias and Friedman, JJ.