[742 NYS2d 465]

In the Matter of SUBPOENA DUCES TECUM DATED APRIL 25, 2001 AND FOUR OTHER SUBPOENAS DUCES TECUM. JANE DOE, Appellant; NEW YORK STATE ATTORNEY GENERAL, MEDICAID FRAUD CONTROL UNIT, Respondent.

Fourth Department, May 3, 2002

APPEARANCES OF COUNSEL

*Connors & Vilardo, LLP,* Buffalo (*Lawrence J. Vilardo* of counsel), for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Deborah F. Nathan* of counsel), for respondent.

*O'Connell & Aronowitz,* Albany (*James A. Shannon* of counsel), for New York State Health Facilities Association, amicus curiae.

## OPINION OF THE COURT

SCUDDER, J.

Petitioner moved to quash portions of subpoenas duces tecum issued by respondent in its ongoing grand jury investigation of health care services provided by three nursing home facilities. Petitioner contends that the privilege afforded quality assurance records pursuant to Public Health Law § 2805-m (1) and (2), Education Law § 6527 (3) and 42 USC § 1395i-3 (b) (1) (B) applies to the subpoenaed records at issue. For the reasons that follow, we conclude that the subpoenaed records are not privileged and that the order denying petitioner's motion to quash portions of the subpoenas duces tecum therefore should be affirmed.

■ Nursing home facilities do not come within the definition of the term "[g]eneral hospital" set forth in Public Health Law § 2801 (10) and thus are not required to collect and maintain information pursuant to Public Health Law §§ 2805-j and 2805-*l*. Thus, documents generated by the quality assurance committee of nursing home facilities are not afforded the privilege set forth in Public Health Law § 2805-m (1) (*see Matter of Grand Jury Subpoena Duces Tecum,* 272 AD2d 214, 215; *Hale v Odd Fellow & Rebekah Health Care Facility,* 188 Misc 2d 498, 502). Although the privilege set forth in Public Health Law § 2805-m (1) also extends to documents generated pursuant to Public Health Law § 2805-k, that section governs

investigations conducted prior to granting or renewing professional privileges and thus is not applicable here, inasmuch as the subpoenaed records do not relate to such investigations. Contrary to petitioner's further contention, the regulation promulgated by the Commissioner of the New York State Department of Health requiring nursing home facilities to establish and maintain quality assessment and assurance programs and committees (*see* 10 NYCRR 415.27) does not extend the privilege provided by Public Health Law § 2805-m (1) and (2) to documents generated by such committees.

Because the Public Health Law does not require nursing home facilities to prepare quality assurance records, we need not reach the issue whether the privilege provided by Public Health Law § 2805-m (1) applies if such records are sought by a grand jury (*cf. Matter of Application to Quash Grand Jury Subpoena,* 239 AD2d 412, 413), or whether that privilege exists only with respect to disclosure sought pursuant to CPLR article 31 and Public Officers Law article 6 (*see* Public Health Law § 2805-m [2], *supra*). Thus, we conclude that the Public Health Law provides no basis for petitioner's contention that records generated by a quality assurance committee are privileged; such records are not privileged for any purpose under the Public Health Law.

Petitioner also contends that the records are privileged pursuant to Education Law § 6527 (3). We agree with petitioner that section 6527 (3) applies to nursing home facilities. However, that section expressly provides that the privilege extends only to disclosure sought pursuant to CPLR article 31, and thus we conclude that it is not applicable here.

■ In addition to contending that its records are privileged pursuant to the laws of New York State, petitioner also contends that the records are privileged pursuant to federal law (*see* 42 USC § 1395i-3 [b] [1] [B], *supra*). We disagree. Although the federal privilege extends to petitioner because under federal law nursing home facilities are required to maintain quality assessment and assurance committees (*see* 42 USC § 1396r [b] [1] [B]), we conclude that the records sought by respondent do not fall within the scope of the federal privilege. 42 USC § 1395i-3 (b) (1) (B) provides that "[a] State * * * may not require disclosure of the records of [a quality assessment and assurance] committee except insofar as such disclosure is related to the compliance of such committee with the requirements of this subparagraph." We agree with the interpretation of that statute by the Supreme Court of Missouri,

which considered this issue of first impression en banc in *State ex rel. Boone Retirement Ctr. v Hamilton* (946 SW2d 740, 742-743 [Mo]). The Supreme Court of Missouri concluded that the term "State" included the grand jury, and thus that the grand jury was prohibited from "commanding disclosure of records of quality assurance committees" (*id.* at 742). The court further concluded, however, that the privilege is "exceedingly narrow"; that "[i]t protects the committee's own records—its minutes or internal working papers or statements of conclusions—from discovery"; and that it does not extend to "records and materials generated or created outside the committee and submitted to the committee for its review" (*id.* at 743). The records sought by respondent do not include records of quality assurance committees that are protected by the federal privilege. Accordingly, we conclude that the subpoenaed records must be disclosed and that the order should be affirmed.

PINE, J.P., WISNER, GORSKI and LAWTON, JJ., concur.

Ordered that the order so appealed from be and the same hereby is unanimously affirmed, without costs.