*745 OPINION OF THE COURT
Thomas J. McNamara, J.
On November 7, 2003, an inmate at the Suffolk County Jail was found hanging in his cell. Cardiopulmonary resuscitation was administered and he was then transported by ambulance to the hospital where he was later pronounced dead. A report of the incident was provided to the New York State Commission of Correction by a correction officer employed at the jail. Following notification of the inmate’s death, the Commission, in accordance with Correction Law § 47 (1) (a), initiated an investigation into the cause and circumstances of the death. On July 12, 2004, petitioner requested that respondent produce a copy of a quality review report and any other internal review conducted regarding services and treatment provided to the inmate on November 7, 2003. When respondent refused the request, petitioner brought this proceeding pursuant to CPLR article 78 to compel compliance.
Correction Law § 47 (1) (a) requires the Commission, via its Medical Review Board, to investigate and review the cause and circumstances surrounding the death of any inmate of a correctional facility. Under Correction Law § 44 (4), the Commission
“chairman may request and receive from any department, division, board, bureau, commission or other agency of the state or any political subdivision thereof or any public authority such assistance, information and data as will enable the commission, the board and the council properly to carry out its functions, powers and duties.”
Respondent maintains that the document sought is exempt from disclosure. Public Health Law § 3006 (3) provides that:
“Notwithstanding any other provisions of law, none of the records, documentation, or committee actions or records required pursuant to this section shall be subject to disclosure under article six of the public officers law or article thirty-one of the civil practice law and rules, except as hereinafter provided or as provided in any other provision of law.”
The demand by petitioner for the report was not made pursuant to either Public Officers Law article 6 (Freedom of Information Law) or article 31 of the CPLR which addresses disclosure in civil actions. Consequently, the report is not exempt from disclosure under the provisions of Public Health Law § 3006. *746 Though respondent is understandably concerned that the report may be released once in the hands of petitioner, the prohibition against disclosure in section 3006 is not by its terms limited to any individual and, therefore, would apply equally to petitioner. In addition, petitioner has indicated that it will not produce the report in violation of the Public Health Law provision.
Implicit in the authorization in Correction Law § 44 for petitioner to request the report is a duty upon respondent to produce it. And, inasmuch as there is no statutory or other restraint on respondent’s ability to do so, petitioner is awarded judgment directing respondent to produce the material demanded within 15 days of service upon her of a copy of this judgment with notice of its entry.