OPINION OF THE COURT
Michael C. Lynch, J.
Petitioner Civil Service Employees Association is an employee organization representing two employees of respondent and cross petitioner New York State Office of Mental Retardation and Developmental Disabilities (OMRDD). Following the issu *201 anee of disciplinary charges against the two employees, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (CSEA) sought information from OMRDD for use to investigate and defend the two employees. OMRDD would not provide certain records, asserting that, because the materials were confidential quality assurance records generated pursuant to Mental Hygiene Law § 29.29, they could not be disclosed pursuant to Education Law § 6527 (3).
CSEA filed an improper practice charge, alleging that the agency’s failure to provide the requested materials was a violation of Civil Service Law § 209-a (1) (d). Following a hearing on the charge, the Administrative Law Judge (ALJ) for respondent State of New York Public Employment Relations Board (PERB) determined that Education Law § 6527 (3) did not apply to CSEA’s information request made pursuant to the Taylor Law, that OMRDD engaged in an improper practice when it refused to provide the information and directed OMRDD to provide the requested information.
OMRDD sought review by the full PERB board by filing exceptions to the ALJ’s determination. The board agreed with the ALJ that Education Law § 6527 (3) did not protect the information sought. The board did, however, modify the ALJ’s decision by limiting CSEA’s access to the records. Specifically, it determined that CSEA was not entitled to “unfettered access;” rather, the records were to be disclosed to the arbitrator assigned to hear the disciplinary charges, “in order to prevent [OMRDD] from using otherwise protected information as a shield, as well as a sword, with which to discipline an employee.”
Both CSEA and OMRDD commenced CPLR article 78 proceedings against PERB seeking review of the board’s determination. This court consolidated both proceedings after permitting OMRDD’s intervention on consent and cross petition.
As a threshold matter, petitioner CSEA and respondent PERB each argue that, because a question of substantial evidence has been raised, the proceeding must be transferred to the Appellate Division in accordance with CPLR 7804 (g). Respondent and cross petitioner OMRDD argues that because the challenge is to PERB’s interpretation of Education Law § 6527 (3), a transfer to the Appellate Division is not appropriate.
CPLR 7803 (4) provides that, “whether a determination made as a result of a hearing held and at which evidence was taken, pursuant to direction by law is, on the entire record, supported *202 by substantial evidence” is a question that may be raised in a CPLR article 78 proceeding.
CPLR 7804 (g) provides:
“Where the substantial evidence issue specified in question four of section 7803 is not raised, the court in which the proceeding is commenced shall itself dispose of the issues in the proceeding. Where such an issue is raised, the court shall first dispose of such other objections as could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and res judicata, without reaching the substantial evidence issue. If the determination of the other objections does not terminate the proceeding, the court shall make an order directing that it be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced.”
From the submissions, the parties do not dispute that the records sought by CSEA qualify as quality assurance records as defined by Mental Hygiene Law § 29.29. By its petition, CSEA asserts that (1) Education Law § 6527 (3) does not prohibit or preclude full access to these records; thus, respondent improperly required an in camera review by the arbitrator prior to disclosing records, and (2) PERB’s determination to require an arbitrator to perform a review of the records sought in camera prior to the hearing was arbitrary and capricious because (a) PERB did not have jurisdictional authority over the arbitrator nor did it provide the arbitrator with any standard of review, and (b) CSEA would not have access to the records until the first day of the arbitration, which late access contravenes the purpose of disclosure under the Taylor Law, maintaining that with the PERB remedy, CSEA did not have a meaningful opportunity to assess the facts surrounding the incidents prior to deciding whether continued defense of its members was warranted. The crux of cross petitioner’s argument is that PERB’s determination that Education Law § 6527 (3) did not prohibit disclosure of records in the context of a disciplinary proceeding commenced by OMRDD against employees represented by CSEA was arbitrary and capricious.
Though a petition may assert that a determination was not supported by substantial evidence, such assertion, alone, does not require transfer of the matter to the Appellate Division because “[t]he mere fact that the petition alleges the lack of *203 substantial evidence supporting the determination is not dispositive, for the question of whether an article 78 proceeding must be transferred to the Appellate Division is one to be decided by Special Term, not by petitioners” (Matter of Save the Pine Bush v Planning Bd. of City of Albany, 83 AD2d 741, 741 [1981]). Both petitioner and cross petitioner question a legal determination made by PERB and the application of that determination to undisputed facts. Since neither petitioner has questioned the wisdom of any factual determination made by PERB, no CPLR 7803 (4) issue exists and transfer to the Appellate Division would not be appropriate (Matter of Suffolk County Dept. of Pub. Works v Public Serv. Commn. of State of N.Y., 229 AD2d 652, 653 [1996]; CPLR 7804 [g]; Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7803:l, at 352 [explaining that the substantial evidence question is, “Whether the agency’s factual determination in (a hearing) is justified”]).
Based on the petition and cross petition, the essential issues before this court are (1) whether PERB properly determined that Education Law § 6527 (3) did not preclude disclosure of records generated pursuant to Mental Hygiene Law § 29.29 to a bargaining representative pursuant to its Taylor Law request for information, and (2) whether PERB’s determination that in camera review of the records by an arbitrator, rather than full disclosure, was arbitrary and capricious in light of Education Law § 6527 (3) and the Taylor Law.
This court’s review of a determination by PERB depends on the basis of the agency’s decision. Where, for example, the determination is based on the construction of the Taylor Law (Civil Service Law §§ 200-214), this court should defer to the agency’s conclusion because PERB is “presumed to have developed an expertise” with the policies of that law (Matter of Town of Mamaroneck PBA v New York State Pub. Empl. Relations Bd., 66 NY2d 722, 723 [1985]). Deference to the agency’s interpretation is not required, however, if the determination is based on “pure statutory construction, ‘dependent only on accurate apprehension of legislative intent [with] little basis to rely on special competence’ ” (Matter of Rosen v Public Empl. Relations Bd., 72 NY2d 42, 47-48 [1988]).
In the instant case, the basis of PERB’s determination was twofold. Its first determination, that Education Law § 6527 (3) did not apply to Taylor Law requests for information, was based on pure statutory construction. The second finding, that CSEA *204 was not entitled to “unfettered access” to the quality assurance files but that the records could be disclosed to the arbitrator for in camera review prior to the commencement of the arbitration, was based on its application of the policies of the Taylor Law. Based on these established standards, because the issue of whether section 6527 (3) prohibits disclosure under the Taylor Law is an issue of law, this court need not defer to respondent PERB’s interpretation of Education Law § 6527 (3) (Matter of Newark Val. Cent. School Dist. v Public Empl. Relations Bd., 83 NY2d 315 [1994]).
Education Law § 6527 (3) provides, in relevant part,
“Neither the proceedings nor the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program nor any report required by the department of health pursuant to section twenty-eight hundred five-Z of the public health law described herein, including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law.”
As a general rule of construction, it is a “universal principle” that “the specific mention of one person or thing implies the exclusion of other persons or thing[s]” (McKinney’s Cons Laws of NY, Book 1, Statutes § 240, Comment), but that such principle should be applied to accomplish the legislative intention, not defeat it (Comment at 414; see also, Matter of John P. v Whalen, 54 NY2d 89, 96 [1981]). Further, legislative intent “is to be ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). And, though the “primary consideration” of this court must be the legislative intent, such intent “is first to be sought from a literal reading of the act itself” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a], [b]).
With varying degrees of analysis, courts have determined that Education Law § 6527 (3) leads to the conclusion that disclosure is prohibited only where protected information is sought in the context of discovery sought pursuant to CPLR 3101 et seq. *205 Courts have, in fact, limited Education Law § 6527 (3) accordingly, and refused to prohibit disclosure in the context of grand jury investigations (see e.g. Matter of Subpoena Duces Tecum Dated April 25, 2001, 293 AD2d 231, 233 [2002], mod 99 NY2d 434 [2003]; Matter of Grand Jury Subpoena Duces Tecum, 272 AD2d 214 [2000]); in the context of disclosure sought by the State Board of Professional Medical Conduct (Matter of St. Elizabeth’s Hosp. v State Bd. of Professional Med. Conduct, Dept. of Health of State of N.Y., 174 AD2d 225 [1992]), and, in one case cited by petitioner CSEA, in the context of a subpoena duces tecum sought pursuant to article 23 of the CPLR (State of New York v Mirando, Sup Ct, Albany County, Aug. 20, 1999, Ferradino, J. [attached to petitioner’s brief]).
In the St. Elizabeth’s case, cited by respondent PERB in its decision below, the Appellate Division concluded that,
“By its express terms, the confidentiality protection under Education Law § 6527 (3) only extends to prevent disclosure in civil actions sought pursuant to the discovery article of the CPLR, not with respect to an investigation of professional misconduct by respondent under Public Health Law § 230, which has its own safeguards against disclosure comparable to the provisions of Education Law § 6527 (3)” (174 AD2d at 229-230).
Notwithstanding this statement, it is clear that the Court in St. Elizabeth’s Hosp. did not conclude that, because the terms of the statute literally referenced only CPLR article 31 disclosure, it did not apply to disclosure sought by the Board of Professional Medical Conduct acting in an administrative capacity investigating physician misconduct. Rather, it concluded that, “[i]t thus appears that the statutory power of respondent to compel disclosure in disciplinary matters is one of the exceptions to confidentiality ‘provided by any other provision of law’ as specified by Education Law § 6527 (3)” (id. at 230, citing Matter of Broome County Med. Socy. v Guest, 122 AD2d 527, 528 [1986] [which also held that the subpoena power provided by Public Health Law § 230 (10) (k) is an exception to the Education Law § 6527 (3) general rule prohibiting disclosure]).
In St. Elizabeth’s Hosp., the Court considered the prohibitions against disclosure confidentiality provisions under both section 6527 (3) and Public Health Law § 2805-m. The Court noted that Public Health Law § 2805-m “closely resembles Education Law § 6527 (3),” except that the former provision includes express prohibitions against disclosure in both civil actions pursuant to *206 article 31 of the CPLR and disclosure under the Freedom of Information Law (Public Officers Law art 6) (St. Elizabeth’s Hosp., supra at 232). The Court, relying on the rationale it applied in its analysis of Education Law § 6527 (3), determined that, because Public Health Law § 2805-m, like Education Law § 6527 (3), “except[ed] from its protective shield those disclosures authorized or required ‘as provided by any other provision of law,’ ” Public Health Law § 2805-m did not prohibit disclosure to the Board (at 232). In the instant case, it is notable that PERB, by its order, did not conclude that disclosure under the Taylor Law was an exception to the “protective shield,” rather, it limited the “protective shield” to encompass disclosure sought pursuant to CPLR article 31 alone.
In support of its argument, respondent and cross petitioner cites and provides a state Supreme Court case holding that Education Law § 6527 (3) prohibits disclosure of quality assurance records sought pursuant to the Freedom of Information Law (FOIL) (O’Connor v New York State Off. of Mental Health, Sup Ct, Albany County, Kane, J., Index No. 6605/01). In O’Connor, Supreme Court distinguished the St. Elizabeth’s case because, in the latter case, the question was internal access by the board, not public access to the records. This court determined, after considering the legislative intent behind Education Law § 6527 (3), that
“it would be illogical to permit disclosure of the [documents sought] under FOIL when the very same documents are shielded by confidentiality under Education Law§ 6527 (3). In essence to permit such an interpretation . . . would place a chilling effect on the self-assessment process in which hospitals and other health care facilities participate” (at 10).
This court, in O’Connor, relied, in part, on a determination by the Court of Appeals that Public Health Law § 230 (9) must be construed to prohibit disclosure in response to a FOIL request (Matter of John P. v Whalen, 54 NY2d 89, supra). Public Health Law § 230 (9) provides that “[notwithstanding any other provisions of law, neither the proceedings nor the records of [the committee on professional conduct] shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided.” The Court of Appeals, in John P. (at 96-97), explained,
“As is made clear by both the words, ‘except as here *207 inafter provided’ . . . and by the established rules of construction, all parts of section 230 are to be read together and interpreted with reference to the scheme of the entire section ... So construed it is clear that the reference in CPLR article 31 . . . was not a tacit exception of Freedom of Information Law requests from the confidentiality provisions of section 230 of the Public Health Law; that is that section 230 is a State statute exempting information from disclosure within the meaning of section 87 (subd 2 par [a]) of the Public Officers Law.”
Reading Public Health Law § 230 as a whole, the Court, in John P., discerned a clear legislative policy, “to protect the confidentiality of all records and proceedings of the State Board for Professional Medical Conduct and of a Committee on Professional Conduct in relation to a disciplinary inquiry or proceeding” (at 97). Especially relevant to the Court was section 230 (10) (Z), which provides that, with respect to patient records (which records could become part of the records and proceedings referenced at section 230 [9]), “any . . . use or dissemination by any person by any means, unless pursuant to a valid court order or otherwise provided by law, is prohibited.” Considering this, the Court noted that FOIL cannot be deemed “otherwise provided,” “for so to hold would render the strong prohibitory language of the last sentence of paragraph (Z) utterly meaningless and the result absurd” (supra at 98 n 5).
Based on the foregoing case law and rules of statutory construction, the task before this court is thus to determine, after consideration of the legislative intent of Education Law § 6527 (3) and the statute as a whole, whether it prohibits disclosure under the Taylor Law. A review of the legislative history reveals that the prohibitory language was added to the statute in 1971 (L 1971, ch 990). When enacted, it was explained that, “Because this bill provides protection from disclosure of proceedings and records of utilization and review committees, members of such committees may frankly and objectively analyze the quality of health services rendered” (Mem of Assembly Rules Comm, Bill Jacket, L 1971, ch 990, at 6; also, Logue v Velez, 92 NY2d 13 [1998]).
Various supporters of the bill noted that it would “confer upon committee members the freedom to critically and impartially review matters relating to medical care” (Letter of Dept of Health Counsel’s Office, June 24, 1971, Bill Jacket at 3); that “[m] embers serving in such a voluntary procedure should *208 rightly expect secrecy in the deliberations of the group” (Letter of Dental Society of State of New York, Bill Jacket at 7); and,
“It is only appropriate to complement the immunity granted to medical review committees by making the records of such committees free from disclosure requirements. Without such a safeguard these committees would be subject to harassment which would hinder them in their attempts to function as a valuable asset to the management of medical care” (Letter of Medical Society of County of Monroe, June 15, 1971, Bill Jacket at 8).
The Court of Appeals, considering the legislative intent following the statute’s amendment to add protection to quality assurance reports generated pursuant to Mental Hygiene Law § 29.29, noted that the intent of the statute was to “ ‘ameliorate the causes of untoward incidents’ through ‘unfettered investigation [s]’ ” (Katherine F. v State of New York, 94 NY2d 200, 205 [1999], quoting Letter of Commn on Quality of Care for the Mentally Disabled, July 17, 1986, Bill Jacket, L 1986, ch 427, at 15).
Though there is no express statutory right to disclosure in a disciplinary proceeding, PERB has consistently held that an employer’s duty to bargain in good faith under the Taylor Law (Civil Service Law § 209-a [1] [d]) includes an obligation to provide information relevant to a union’s investigation of the merits of a grievance (Matter of County of Erie v State of New York, 14 AD3d 14, 17 [2004]), “subject to a consideration of the burden on the employer, the availability of the information elsewhere, and the necessity and relevance of the information to the union’s investigation” (id. at 18).
Unlike proceedings held pursuant to Public Health Law § 230 (11) (a) and criminal grand jury proceedings (see CPL 190.25 [4] [a]), there is no express statutory or regulatory prohibition against redisclosure of otherwise confidential materials disclosed pursuant to the Taylor Law in the context of a disciplinary arbitration. Arguably, however, the bargaining representative or employee could be prohibited from using the materials in a subsequent action.* But, unlike the Freedom of Information Law, Taylor Law requests for information may not be made by *209 nor information disclosed to members of the general public. Rather, information may only be disclosed to a certified bargaining representative after a consideration of the relative interests of the representative and the employer. Also, unlike the Taylor Law right to access information, where the employer’s right to confidentiality is a factor to be assessed (see County of Erie, supra at 18), the Freedom of Information Law expressly prohibits access to records which are “specifically exempted from disclosure by state . . . statute” (Public Officers Law § 87 [2] [a]).
In consideration of the plain language of Education Law § 6527 (3), the case law interpreting the statute, and the demonstrated legislative intent, the court disagrees with PERB’s literal construction, to the extent it affirms the Administrative Law Judge’s determination, that section 6527 (3) applies only to disclosure under article 31, for the statute expressly permits disclosure “as provided by any other provision of law” (see, St. Elizabeth’s Hosp., supra). The court finds that the Taylor Law falls within this exception. The Taylor Law right to disclosure is not afforded to the general public, and information may be obtained only after consideration of the employer’s interests, relevant here, in protecting the confidentiality of both the members of quality assurance committees and the records generated by the committees.
Since this court’s determination does permit petitioner access to the records, albeit for reasons different than those relied on by PERB, the further question is whether the agency properly permitted only in camera access to the requested records by the arbitrator to “prevent [OMRDD] from using otherwise privileged information as a shield, as well as a sword, with which to *210 discipline an employee.” PERB is the agency responsible for interpreting the principles of the Taylor Law, including the Taylor Law right to disclosure. The Board is thus, “presumed to have developed an expertise and judgment that requires us to accept its construction if not unreasonable” (Matter of Lippman v Public Empl. Relations Bd., 263 AD2d 891, 893 [1999] [citations omitted]). By the in camera review solution, it is evident that the Board has endeavored to strike a balance between the employee’s rights to disclosure and the employer’s interest in maintaining the confidentiality of records. In consideration of the Education Law and its intended purposes, this court cannot conclude that the Board’s interpretation of the Taylor Law right to disclosure was unreasonable.
Accordingly, it is ordered and adjudged that petition and cross petition are denied, without costs.

 In Smith v Delago (2 AD3d 1259 [2003]), a former patient sued for malpractice after obtaining materials protected by Education Law § 6527 (3) in a FOIL request. Defendants sought a protective order to prevent plaintiffs from using the materials, citing the prohibition against disclosure in Public Health *209 Law § 2805-m and Education Law § 6527 (3), and the Appellate Division did find the records to be confidential under section 2805-m, but, in a footnote (at 1261), declined to analyze the question under section 6527 (3) because the records were not obtained pursuant to article 31 of the CPLR In contrast, in Croce v Alicandro (7 Misc 3d 744 [2005]), this court (McNamara, J.) held that, since the request by the Commission of Correction for records generated pursuant to Public Health Law § 3006 (providing that its records are not subject to disclosure under FOIL or article 31) was neither a FOIL request nor an article 31 discovery demand, it should be disclosed, but noted (at 745-746),
“Though respondent is understandably concerned that the report may be released once in the hands of [the Commission], the prohibition against disclosure in section 3006 is not by its terms limited to any individual and, therefore, would apply equally to petitioner. In addition, [the Commission] has indicated that it will not produce the report in violation of [Public Health Law § 3006].”