■ In the Matter of MENTAL HYGIENE LEGAL SERVICE, on Behalf of LYNETTE T., Respondent, v THOMAS MAUL, as Commissioner of Mental Retardation and Developmental Disabilities, et al., Appellants. [827 NYS2d 777]—

Rose, J. Appeal from a judgment of the Supreme Court (Demarest, J.), entered October 31, 2005 in Franklin County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to access certain records of respondents.

After Lynette T., a mentally retarded resident of the Sun-

mount Developmental Disabilities Services Office, sustained injuries allegedly as a result of an assault by Sunmount employees, Sunmount investigated the incident and concluded that her allegations were unfounded. Petitioner, acting on Lynette's behalf, then requested information, reports and other documents regarding Sunmount's investigation of the incident. Although Sunmount promised to provide a summary of its investigation as required by regulation (*see* 14 NYCRR 624.5 [b] [3], [5]), it refused petitioner's request for information and documents. Petitioner then commenced this CPLR article 78 proceeding against respondents, seeking to compel production of the requested records. Supreme Court granted the petition and respondents now appeal.

Petitioner relies upon the following provision of the Mental Hygiene Law for access to the records and data of any facility under the supervision of the Office of Mental Retardation and Developmental Disabilities: "The mental hygiene legal service in each judicial department of the state shall . . . be granted access at any and all times to any facility or place or part thereof . . . , and to all books, records and data pertaining to any such facility or place deemed necessary for carrying out its functions, powers and duties. The mental hygiene legal service may require from the officers or employees of such facility or place any information deemed necessary for the purpose of carrying out the service's functions, powers and duties. Information, books, records or data which are confidential and any limitations on the release thereof imposed by law upon the party furnishing the information, books, records or data shall apply to the service" (Mental Hygiene Law § 47.03 [d]). Respondents contend that the particular information and records sought here are investigatory materials expressly protected from disclosure by Education Law § 6527 (3), which states, in part: "Neither the proceedings nor the records relating to performance of a . . . quality assurance review function . . . , including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be subject to disclosure under [CPLR article 31] except as hereinafter provided or as provided by any other provision of law."

While it is true that petitioner's statutory mission is to provide legal assistance to the residents of certain facilities and, when necessary, utilize litigation to secure those residents' rights, the request for documents here was not made under the authority of CPLR article 31. Rather, it was made in furtherance of petitioner's obligation to investigate "allegations of abuse or mistreatment" (Mental Hygiene Law § 47.03 [e]).

Inasmuch as Education Law § 6527 (3) expressly provides that it only prohibits disclosure sought pursuant to CPLR article 31, we conclude that it is inapplicable here (*see Matter of Subpoena Duces Tecum Dated April 25, 2001*, 293 AD2d 231, 233 [2002], *mod* 99 NY2d 434 [2003]; *Matter of Grand Jury Subpoena Duces Tecum*, 272 AD2d 214, 215 [2000]; *Matter of St. Elizabeth's Hosp. v State Bd. of Professional Med. Conduct, Dept. of Health of State of N.Y.*, 174 AD2d 225, 229-230 [1992]).

However, whether we consider Education Law § 6527 (3) to be inapplicable or Mental Hygiene Law § 47.03 (d) to provide an exception to the nondisclosure requirements of the Education Law, section 47.03 (d) expressly limits petitioner's further disclosure of the information and documents obtained by imposing upon petitioner the same nondisclosure requirement. Under these circumstances, we find no error in Supreme Court's determination to compel disclosure here.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.