OPINION OF THE COURT
Memorandum.
The judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the determination of the New York City Transit Authority reinstated.
Petitioner, a permanent civil service employee of the New York City Transit Authority, was properly notified, pursuant to Civil Service Law § 75 (2), that the Transit Authority was initiating a disciplinary proceeding against him. He was unable to attend the scheduled hearing, however, because he was in the custody of the Department of Mental Hygiene, having been found not responsible for the stabbing death of his wife by reason of mental disease or defect (see, CPL 330.10, 330.20). We conclude that the Hearing Officer, after granting three adjournments, did not err in proceeding with the hearing in petitioner’s absence when it became clear that petitioner would be unable to attend in the foreseeable future.
The disciplinary charges were based on the same events that led to petitioner’s indictment, trial, verdict, and eventual involuntary commitment. His conduct, while not criminally culpable, justified both his commitment and the termination of his employment. That conduct was fully explored and was established beyond a reasonable doubt in the criminal proceeding, the transcript of which was admitted into evidence at the disciplinary hearing. Thus, petitioner had been given an opportunity to challenge the factual basis for the disciplinary charges in another forum with the fullest scope of procedural rights.
Though given the opportunity to reopen the hearing, petitioner never suggested what exculpatory evidence, if any, he might adduce if he were allowed to appear at the hearing. Nor did he make any attempt to reopen the hearing or otherwise challenge the Hearing Officer’s recommendation after he was released from in-patient treatment, but before the recommendation was approved by the Transit Authority several months later.
Our point is not, as the dissent suggests, that petitioner’s right to a hearing depends on his ability to establish an adequate defense on the merits. But "[underlying the neces *761 sity for a due process hearing is some factual dispute impacting on the employer’s right to discharge” (Matter of Economico v Village of Pelham, 50 NY2d 120, 128). The operative facts underlying the Hearing Officer’s determination — that petitioner killed his wife — have never been in dispute. Nor was there, at the relevant time, any dispute concerning petitioner’s ability to return to work. His release from in-patient treatment in December 1983, and his doctor’s opinion that he was then able to return to work could not have been asserted at the time of the hearing, in May 1982. Thus, there is in this case no hint of any benefit that could have been derived by petitioner from further delay so that he could attend the hearing in person.
On the other hand, the Transit Authority had a legitimate and strong interest in resolving petitioner’s employment status promptly (see, Matter of Economico v Village of Pelham, supra, at 126). By the time the hearing was held, petitioner had been in the custody of the Department of Mental Hygiene and unable to carry out his duties for more than 22 months. Further delay would have imposed an unreasonable burden on the Transit Authority.
The dissent, ironically, faults the Transit Authority for waiting even this long, calling the administrative inconvenience "self-imposed” (dissenting opn, at 765), and suggesting that, because the agency delayed to some degree, it was obligated to wait indefinitely. In our view, however, the Transit Authority’s willingness to endure some delay, quite possibly in an effort to accommodate petitioner’s situation, should not preclude the argument that further delay would result in undue hardship. A contrary rule would only encourage precipitous action, rather than caution and accommodation.
In short, the risk of error under the procedures used was minimal, and the additional procedural protection sought by petitioner would have imposed substantial administrative and fiscal burdens on the Transit Authority with no apparent countervailing benefit to petitioner (see, Mathews v Eldridge, 424 US 319, 335). Under these circumstances, therefore, petitioner’s due process rights were not violated.