■ In the Matter of VERONICA PALMER, Petitioner, v RICHARD KOEHLER, as Commissioner of Correction of the City of New York, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Kristin Booth Glen, J.), entered September 6, 1988, to review a determination of the Commissioner of the Department of Correction dated February 3, 1988 which terminated petitioner from her position as a correction officer, the petition is unanimously denied and dismissed, and the determination of the respondent is confirmed, without costs.

The Commissioner of Correction found petitioner guilty of the charge of "conduct unbecoming a captain and conduct of a nature to bring discredit upon the department" upon a finding that urinalysis testing yielded positive results for marihuana.

The intrusion of the urinalysis test against a correction officer is permissible not only on the criminal law standard of probable cause but upon reasonable suspicion. *(See, Matter of King v McMickens,* 120 AD2d 351, *affd* 69 NY2d 840.) Here, reasonable suspicion was present based on petitioner's numerous absences from work within a brief period and the physi-

cian's opinion that her claimed asthmatic condition was not serious enough to explain the absences, together with the observations of the psychiatrist. A consideration of the totality of the circumstances in this article 78 proceeding need not satisfy the criminal law standard of preponderance of the evidence, but only the administrative law standard of substantial evidence, and here, there was substantial evidence to support a reasonable suspicion of drug use.

We have examined the other points raised on this appeal and find them without merit. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.