**JEANETTE "A", Plaintiff,**

v.

**Richard A. CONDON, as Police Commissioner of the City of New York, Rae Downes Koshetz, as Deputy Commissioner–Trials, New York City Police Department, The New York City Police Department and The City of New York, Defendants.**

**No. 89 Civ. 7858 (RWS).**

United States District Court,
S.D. New York.

Dec. 22, 1989.

Joseph Fallek, P.C., Brooklyn, N.Y. (Andrew M. Fallek, of counsel), for plaintiff.

Peter L. Zimroth, Corp. Counsel of the City of New York, New York City (Alan J. Harris, Suzanne L. Bailey, Asst. Corp. Counsel, of counsel), for defendants.

SWEET, District Judge.

Plaintiff, Jeanette "A" ("Jeanette"), brought this action pursuant to 42 U.S.C. §§ 290dd–3 and 290ee–3, and 42 C.F.R. § 2.1 et seq., to enjoin defendants Richard A. Condon ("Condon"), Police Commissioner, RAE Downes Koshetz ("Koshetz"), Deputy Commissioner–Trials, New York City Police Department (the "Department"), and the City of New York (collectively referred to as the "City"), from disciplining Jeanette on the basis of a positive test for cocaine ingestion and a motion for preliminary injunctive relief. Absent any dispute over material facts and for the reasons set forth below, on the court's motion summary judgment is granted with leave for the parties to file further opposition.

*Prior Proceedings*

On or about March 8, 1988 Jeanette was served with charges and specifications alleging violations of the Department's prohibitions against the wrongful possession

and wrongful ingestion of a controlled substance, cocaine. After conducting a hearing on the charges and specifications, Koshetz submitted on or about November 16, 1989 a report and recommendation to Condon in which she found Jeanette guilty as charged and recommended dismissal. On November 27, 1989 Jeanette brought an order to show cause which was signed upon the representation of counsel that Jeanette would not be dismissed until a hearing on the requested preliminary injunction. On December 15, 1989 oral argument was heard on the preliminary injunction. ·

*Facts*

Based on the facts set forth in the affidavits submitted, there appears to be no dispute of the material facts set forth below. On or about February 11, 1988, Jeanette, a police officer in the Department, was subjected to a urinalysis at the completion of her participation in the Department's Alcohol Counselling Program ("the program"). The test findings showed the presence of cocaine metabolites in Jeanette's urine.

On or about March 8, 1988, Jeanette was served with charges and specifications alleging violations of the Department's prohibitions against the wrongful possession and wrongful ingestion of a controlled substance. After conducting a hearing on these charges and specifications, at which the results of the urinalysis were presented as evidence, Koshetz submitted a report and recommendation to Condon in which Koshetz found Jeannette guilty as charged and recommended dismissal.

At the departmental trial, a department witness, Florence Smith ("Smith") testified that she was an addiction counsellor for the Department at the time that Jeanette entered the counselling program. Smith acknowledged that the program required a signed release from the participant to reveal any communications with the participant. She knew of no such release signed by Jeanette. Jeanette did not consent in writing to the disclosure of the patient records.

The Department does not maintain a drug counselling program. The Department's alcohol counselling program receives assistance and funding from the federal government. Upon representations at oral argument, the Department has now revised its record release procedure by requiring a voluntary patient to consent to the release of information non-related to alcohol treatment.

*Summary Judgment*

Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Corselli v. Coughlin,* 842 F.2d 23 (2d Cir. 1988). All ambiguities are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Ramseur v. Chase Manhattan Bank,* 865 F.2d 460, 465 (2d Cir.1989).

In oral argument the parties agreed that there exists no material dispute over the facts of this case. Indeed, the City indicated that the facts present in this case are unlikely to be repeated because the City has modified its disclosure and consent procedures for the alcohol counselling program. Although notice for advancement and consolidation is usually given to the parties prior to the preliminary injunction hearing, Fed.R.Civ.P. 65(a)(2); *Galella v. Onassis,* 487 F.2d 986, 997 (2d Cir.1973), given the nature of this case, the absence of factual dispute, and the desire to avoid unnecessary repetition and delay, a decision directly on the merits is appropriate. However, leave is granted for either party to show prejudice or cause why a further hearing is required.

*Confidentiality*

42 U.S.C. § 290dd–3 prohibits the disclosure of the records of patients participating in a federally assisted alcohol treatment program except under specific circumstanc-

es. The section discusses the confidentiality of:

[r]ecords of the identity, diagnosis, prognosis, or treatment of any patient which are maintained in connection with the performance of any program or activity relating to alcoholism or alcohol abuse ... treatment....

Regulations issued pursuant to the statute clearly set forth the restrictions on the use of such patient information. 42 C.F.R. § 2.13 states:

(a) General. The patient records to which these regulations apply may be disclosed or used only as permitted by these regulations and may not otherwise be disclosed or used in any civil, criminal, administrative, or legislative proceedings conducted by any Federal, State or local authority. Any disclosure made under these regulations must be limited to that information which is necessary to carry out the purpose of the disclosure.

The Department improperly utilized confidential patient records in its possession to discipline Jeanette, in direct violation of 42 U.S.C. § 290dd–3. Jeanette is a "patient" within the meaning of the statute in that she had "been given diagnosis or treatment for alcohol at a federally assisted program." 42 C.F.R. § 2.11. The information used to initiate an administrative disciplinary investigation against Jeanette came from patient records resulting from a procedure used in treatment. The term "records" is broadly defined under the regulations to include "any information, whether recorded or not, related to a patient received or acquired by a federally assisted alcohol or drug program." 42 C.F.R. § 2.11. Here the information, the results of the urine test, together with patient identifying information falls squarely within that definition.

The City's knowledge of Jeanette's alleged drug use was based entirely on the disclosure of the confidential information. Jeanette was not referred to the counselling unit for drug use nor was there any independent evidence that she had used drugs. But for the illegal disclosure, the City could not have initiated disciplinary

charges against Jeanette. This distinguishes this case from others where information obtained as a result of a violation of the statute was incidental and secondary to other non-protected information which formed the basis for prosecution. *See, e.g., United States v. Johnston,* 810 F.2d 841, 843–44 (8th Cir.1987).

Jeanette did not consent, for purposes of 42 U.S.C. § 290dd–3, to the release of the results of her urine test. 42 C.F.R. requires that any disclosure based on a patient's consent must be *in writing* and in conformance with the regulations. 42 C.F.R. § 2.31(a). The regulations require a date upon which the consent expires and require that those who wish to disclose information based on written consent to determine, through reasonable efforts, if the consent is "materially false." 42 C.F.R. § 2.31(c)(4).

When Congress passed 42 U.S.C. §§ 290dd–3 and 290ee–3, parallel provisions covering alcohol abuse patient records and drug abuse patient records, its intent was to assure:

[e]very patient and former patient ... [that] his right to privacy will be protected. Without that assurance, fear of public disclosure ... will discourage thousands from seeking the treatment they must have if this tragic national problem is to be overcome.

The City contends that the use of the positive drug results for departmental disciplinary proceedings would not contravene the statute "merely because the drug test happened to be administered at the end of [Jeanette's] alcohol counselling program." The City argues that the legislative intent to protect the privacy of people enrolled in treatment programs is not served by allowing Jeanette to have immunity from disciplinary action for "wrongdoing wholly unrelated to the alcohol abuse treatment program." Def. brief at 8.

However, the facts establish that the urinalysis was administered as "treatment" and as such the results are confidential patient records within the definition of the statute. Whether those results contained information about other substance abuse is

immaterial to the confidentiality requirement insofar as the test was taken for the purpose of alcohol treatment and thus falls under the statute's requirement of confidentiality.

In addition, to contend that patient privacy extends only to that which is related to the alcohol treatment is an unduly narrow construction of the legislative intent. Congress sought to protect the privacy of people so that they would enroll in treatment programs.

For the reasons set forth above, judgment for the plaintiff will be granted on notice enjoining the City from discharging her on the basis of the information contained in the records maintained for her alcohol treatment. The City is granted leave within twenty (20) days to submit any further facts or authorities or to show cause why a further hearing is required.

It is so ordered.