■ In the Matter of MICHAEL GDANSKI, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority, dated August

29, 1988, which, after a hearing, terminated the petitioner's employment as a patrol officer with the New York City Transit Police Department.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner was employed as a patrol officer with the New York City Transit Authority for approximately two years. Within that time period he was hospitalized for a bleeding ulcer and hepatitis. After his release from the hospital the petitioner underwent drug tests on two occasions, pursuant to New York City Transit Police Department rules and regulations. The first time his sample tested positive for morphine and the second time his sample tested positive for cocaine. The petitioner was suspended and, after a hearing, dismissed from service.

The petitioner contends that the Hearing Officer's determination was based on improperly admitted evidence, which led to the conclusion that his urine sample tested positive for cocaine. Not only were the laboratory records of the urinalysis admissible into evidence as falling under the business records exception to the hearsay rule, but they were also admissible hearsay evidence in this administrative proceeding (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Lumsden v New York City Fire Dept., 134 AD2d 595). The director of quality control at the laboratory testified that the records were kept in the ordinary course of business. Further, the respondent presented witnesses who testified to the unaltered condition of the urine sample up to the time it was deposited with the laboratory (see, People v Julian, 41 NY2d 340).

The petitioner further argues that the respondent's drug testing policy constitutes an unreasonable search under the United States Constitution. The privacy expectations of police officers are diminished with respect to inquiries by the State into their physical fitness to perform on the job (Matter of Seelig v Koehler, 76 NY2d 87, cert denied — US —, 111 S Ct 134; Matter of McKenzie v Jackson, 75 NY2d 995; Matter of Caruso v Ward, 72 NY2d 432; Matter of Barretto v City of New York, 157 AD2d 116). In this case, the patrol officers were aware that after each of their hospitalizations they would be tested for drugs and their medical fitness. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.