■ In the Matter of DOUGLAS LISZKA, Petitioner, v BENJA-MIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the Police Commissioner of the City of New York, dated April 9, 1989, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by Order of the Supreme Court, New York County [Edward Greenfield, J.], entered on or about February 26, 1990), unanimously dismissed, without costs.

We find substantial evidence in the record to support the Commissioner's determination that petitioner, on January 15, 1988, engaged in conduct unbecoming an officer when he failed to comply with a lawful order to submit to a drug test. The agency established that petitioner's eyes were "bloodshot" on the date that the DOLE test order was given. A reliable confidential informant and two anonymous telephone callers, provided specific objective facts creating a reasonable inference of petitioner's involvement in narcotics which justified respondent's decision to order petitioner to submit to a DOLE test *(Matter of Jefferson v Koehler,* 159 AD2d 248). Petitioner's

reliance upon the probable cause standard of proof is mistaken, given that the DOLE test order was not sought for use in a criminal trial *(Matter of Palmer v Koehler,* 156 AD2d 242).

Further, we find substantial evidence to support the additional charges that petitioner, during a two year period, repeatedly left his assigned post while on-duty and visited a friend's home, possessed drug paraphernalia while off-duty, and knowingly associated with a major narcotics dealer in Astoria, Queens, New York. Petitioner, at his pre-hearing interview before the Department's Internal Affairs Unit, admitted visiting his friend's residence while on-duty on approximately 10 to 15 occasions and further acknowledged his acquaintance with the alleged narcotics dealer. The corroborative testimony given by his friend and her live-in boyfriend further substantiated the charges. The unrefuted testimony of petitioner's friend that, following petitioner's visits to her house, she would find razor blades, straws and tin foil left behind, provided substantial evidence to support the charge alleging petitioner's off-duty possession of drug paraphernalia.

Considering the drug related nature of the charges of which petitioner was found guilty, we find the penalty imposed was not so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222).

We have considered the remaining arguments and find them to be without merit. Concur—Carro, J. P., Milonas, Ellerin, Kupferman and Rubin, JJ.