■ In the Matter of DAVID C. REYNOLDS, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—In this CPLR article 78 proceeding, transferred to this court by order of the Supreme Court, New York County (Edward H. Lehner, J.), entered September 22, 1989, the petition is denied, the proceeding dismissed, and the determination of respondent Police Commissioner, dated March 2, 1989, which dismissed petitioner from his position as

a police officer, is unanimously confirmed, without costs or disbursements.

As traces of cocaine and marijuana were detected in petitioner's urine, which was voluntarily given for testing at the end of a four month alcohol rehabilitation program, the determination to dismiss petitioner was supported by substantial evidence *(Matter of Palmer v Koehler,* 156 AD2d 242).

Petitioner contends that he did not voluntarily submit to the urine test because he was intoxicated when he enrolled in the program and signed the forms. However, the urine sample was given by petitioner at a time when he was not intoxicated, and we note that it is quite proper to test for drugs when a police officer returns to duty from medical leave *(see, e.g., Matter of Gdanski v New York City Tr. Auth.,* 166 AD2d 590).

Petitioner further contends that inasmuch as the alcohol rehabilitation program was federally funded, 42 USC § 290dd-3 applies and prohibits the "disclosure of the records of patients participating" (quoting *Jeanette "A" v Condon,* 728 F Supp 204, 205 [Sweet, D. J.]).

We do not reach this issue inasmuch as the matter was not previously raised and, therefore, not preserved. *(See, Matter of Sowa v Looney,* 23 NY2d 329, 333; *Matter of Leogrande v State Liq. Auth.,* 19 NY2d 418, 424.) We further note the recent holding that the Police Commissioner's dismissal of a police officer for using illegal drugs is entitled to substantial deference. *(Matter of Trotta v Ward,* 77 NY2d 827.) Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.