■ In the Matter of HAROLD E. HASSELBUSCH, Petitioner, v LEE P. BROWN, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Commissioner dated September 10, 1990, which found petitioner guilty of certain charges and specifications, and terminated his employment as a New York City Police Officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this court pursuant to an order of the Supreme Court, New York County [Walter Schackman, J.], entered March 4, 1991), is dismissed, without costs.

By separate charges, petitioner was alleged to have refused to submit to drug testing, and to be unfit for duty, on November 28, 1989 (Case # 63924). Petitioner was also charged with possessing a canister of mace, while on suspension as a result of the initial charges. (Case # 63960.) After hearings, petitioner was found guilty of both sets of charges, and ordered dismissed from the Department.

We find substantial evidence, including the testimony of both a psychologist and medical physician who examined the petitioner prior to the order directing him to submit to a Dole test, from which a reasonable suspicion of illicit drug usage could be inferred. (Matter of Liszka v Ward, 170 AD2d 412.) The fact that petitioner had a history of depression or other mental difficulties does not undermine the validity of the order to submit to drug testing. Petitioner's slurred speech, gait, and demeanor pointed to drug usage. The order to submit to testing was valid even if petitioner's aberrant behavior was

the result of "either mental illness or the ingestion of drugs, or a combination of both." *(Matter of Baldini v Ward,* 157 AD2d 627, 627-628.)

We have considered petitioner's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.