■ In the Matter of REGINALD COLEMAN, Appellant, v RAY KRAMER, as Administrative Law Judge of the City of New York, et al., Respondents. In the Matter of REGINALD COLEMAN, Petitioner, v ALAN E. KIEPPER, as President of the New York City Transit Authority, et al., Respondents. [603 NYS2d 140] —Order, Supreme Court, New York County (Martin Schoenfeld, J.) entered January 11, 1993, which dismissed the petition as against respondents Kramer and Office of Administrative Trials and Hearings, is unanimously affirmed; and determination of the respondent New York City Transit Authority dated April 15, 1992, terminating petitioner's employment as a transit police officer, effective April 1, 1992, is unanimously confirmed, that portion of the petition is denied

and the part of the proceeding brought pursuant to CPLR article 78 (which was transferred to this Court by order of the same court and Justice) is dismissed, without costs or disbursements.

During an investigation into drug use by transit police officers, the transit police internal affairs unit received information from a confidential informant that petitioner used cocaine regularly. The confidential informant, who was registered with the transit police and whose reliability had been established on prior occasions, provided detailed accounts of such cocaine use, and established his knowledge of petitioner's personal life. Surveillance corroborated several details provided by the confidential informant, although surveillance did not directly observe petitioner ingest cocaine. After petitioner's fellow officer and social companion tested positive for drug use, petitioner was directed to submit to a urine test. When petitioner tested positive for cocaine, he was suspended. After a departmental hearing, the Administrative Law Judge (ALJ) recommended termination.

Petitioner does not have an absolute right to disclosure of the identity of the confidential informant, or of any other information. The hearings held in disciplinary proceedings are not governed by the rules obtaining at a criminal trial *(cf., People v Castillo,* 80 NY2d 578, 583, *cert denied* — US —, 113 S Ct 1854). The ALJ diligently evaluated the reliability of the confidential informant, and the informant's fear for personal safety, in his *in camera* review, and we find no basis to disturb his findings. Defendant's challenge to the chain of custody of his urine sample is meritless *(see, Matter of Gdanski v New York City Tr. Auth.,* 166 AD2d 590) and the reliability of the testing procedure has been judicially recognized *(Phifer v Gunn,* 143 AD2d 992, *lv denied* 74 NY2d 608). The court below properly dismissed the petition as against respondents Kramer and the Office of Administrative Trials and Hearings *(Matter of Canty v Spooner,* 194 AD2d 396). Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.