In the Matter of PATRICK CROCKETT, Petitioner, v WILLIAM BRATTON, as Chief of the New York City Transit Police Department, et al., Respondents. [607 NYS2d 505] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner was terminated from his employment as a New York City Transit Authority Police Officer because of violations of Authority rules and regulations. Petitioner concedes the facts underlying five of the six charges against him but challenges the determination that he failed to obey an order. He contends that the determination is not supported by substantial evidence. The Administrative Law Judge credited the testimony of Authority personnel that

petitioner refused to provide a urine sample, and that determination should not be disturbed on appeal *(see, State Div. of Human Rights v Columbia Univ.,* 39 NY2d 612, 616).

There is no merit to petitioner's contention that the Authority violated his right to privacy pursuant to section 2803-c of the Public Health Law. That statute provides a patient's bill of rights with respect to nursing homes and health care facilities. The Authority's request for a urine sample from petitioner did not violate his rights.

We also reject the contention that the Authority's request for a urine sample constituted an unreasonable intrusion on petitioner's constitutional right to privacy *(see, Matter of Gdanski v New York City Tr. Auth.,* 166 AD2d 590, 591; *see generally, Matter of Caruso v Ward,* 72 NY2d 432). (Article 78 Proceeding Transferred by Order of Supreme Court, Kings County, Garry, J.) Present—Denman, P. J., Green, Balio and Fallon, JJ.