■ In the Matter of DELANO CONNOLLY, Petitioner, v MILTON WILLIAMS, as Deputy Chief Administrative Judge of the

State of New York Unified Court System, et al., Respondents. [618 NYS2d 808] —Determination of respondent Deputy Chief Administrative Judge, dated January 26, 1993, finding petitioner guilty of misconduct and terminating his employment as a court officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78, transferred to this Court by order of the Supreme Court, New York County (William McCooe, J.), entered July 12, 1993, is dismissed, without costs.

Testimony adduced at the hearing provided substantial evidence that petitioner committed acts of misconduct directed against three female co-workers, including unwanted physical contact and sexually suggestive remarks *(see, Matter of Hansley v Koehler,* 169 AD2d 545; *Matter of Mutchler [Hudacs],* 186 AD2d 970), and the penalty of dismissal does not shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 233; *cf., Matter of Hansley v Koehler, supra).* The record does not support petitioner's claim that the Hearing Officer denied him an opportunity to be heard on the issue of appropriate penalty, and he exercised his opportunity to address this issue in his post-hearing comments directed to respondent pursuant to the collective bargaining agreement, but did so therein only to the extent of requesting complete exoneration. Nor did the Hearing Officer deny petitioner due process by reviewing respondent OCA's investigative files in camera rather than turning them over outright, or by denying petitioner's application for an adjournment to subpoena additional witnesses. "The hearings held in disciplinary proceedings are not governed by the rules obtaining at a criminal trial", and "[p]etitioner does not have an absolute right to disclosure * * * of any * * * information" *(Matter of Coleman v Kramer,* 198 AD2d 12, 13, *lv denied* 84 NY2d 801). Inasmuch as the files in question were the subject of a concurrent criminal investigation, the Hearing Officer's in camera review protected both the integrity of the on-going criminal investigation as well as petitioner's need to determine whether the files contained any exculpatory information. Denial of the adjournment petitioner requested to subpoena additional witnesses was not an abuse of discretion, since petitioner was aware of the existence of the witnesses on the first day of the hearing but waited until the next day to request the adjournment, and moreover, did not make a sufficient showing that the witnesses would provide relevant testimony. We have reviewed petitioner's other claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Asch, Nardelli and Tom, JJ.