■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, Appellant, v NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD, Respondent, and NEW YORK STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Appellant. [847 NYS2d 280]—

Crew III, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered September 27, 2006 in Albany County, which dismissed petitioner's application and the cross application of respondent Office of Mental Retardation and Developmental Disabilities, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board finding, among other things, that an arbitrator could have in camera access to certain quality review investigation records.

As the result of certain alleged misconduct of two employees of respondent Office of Mental Retardation and Developmental Disabilities (hereinafter OMRDD), a quality assurance investigation was initiated to determine what corrective measures should be undertaken. Based upon that investigation, it was determined that the employees should be terminated. The matter ultimately was submitted to arbitration where petitioner sought copies of the quality review investigation file in order to prepare a defense for the employees. OMRDD refused to provide copies of the file, prompting the filing of an improper practice charge with respondent Public Employment Relations Board (hereinafter PERB). Ultimately, PERB determined that the arbitrator should review the records in camera to determine what, if any, information should be given to petitioner. Neither party being satisfied with that determination, petitioner commenced this CPLR article 78 proceeding and OMRDD cross-petitioned seeking judicial review. Supreme Court dismissed the petition and cross petition, and this appeal ensued.

OMRDD argues that the information sought by petitioner is exempt from Education Law § 6527 (3), which provides that: "Neither the proceedings nor the records relating to performance of a medical or a quality assurance review function . . . ,

including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law, shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law." We previously had occasion to rule on precisely this issue. In *Matter of Mental Hygiene Legal Serv. v Maul* (36 AD3d 1133 [2007], *lv denied* 8 NY3d 812 [2007]), we held that where, as here, the request for documents was not made under the authority of CPLR article 31 but, rather, in furtherance of the petitioner's obligation to investigate allegations of abuse or mistreatment, the statutory prohibition was inapplicable. Here, the request was made in furtherance of petitioner's obligation to effectively defend its members in an administrative disciplinary proceeding, and the prohibition is equally inapplicable.

Finally, we have no quarrel with the remedy fashioned by PERB. While PERB previously has held that employers are obligated to provide relevant information to a union investigating a grievance, PERB likewise recognized the need for confidentiality of the information assimilated in the course of a quality assurance review. Given these competing imperatives, we cannot say the PERB's remedy was either arbitrary or capricious.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.