■ In the Matter of Utica City School District, Respondent, v Craig S. Fehlhaber, Appellant. [872 NYS2d 827]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered December 12, 2007. The order, among other things, denied respondent's motion for issuance of a subpoena duces tecum pursuant to CPLR 2307.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the last ordering paragraph and as modified the order is affirmed without costs.

Memorandum: Petitioner commenced a disciplinary proceeding pursuant to Civil Service Law § 75 seeking to terminate respondent's employment as its Superintendent of Buildings and Grounds. Respondent thereafter moved in Supreme Court for an order issuing a subpoena duces tecum pursuant to CPLR 2307 seeking e-mails sent or received by the Superintendent of petitioner, Utica City School District, and a certain member of petitioner's Board of Education (Board of Education) relating to public matters and a list of the e-mail addresses used by members of the Board of Education, including privately maintained e-mail addresses "where public business is believed or known to be conducted." We conclude that the court properly denied the motion.

Contrary to respondent's contention, the information sought was overly broad, in contravention of CPLR 3120, and respondent failed to establish the requisite " 'factual predicate' [that] would make it reasonably likely that documentary information will bear relevant and exculpatory evidence" (*Matter of Constantine v Leto*, 157 AD2d 376, 378 [1990], *affd* 77 NY2d 975 [1991]). Furthermore, we conclude that the motion was nothing more than a fishing expedition and an attempt to circumvent the fact that there is no right to discovery in a proceeding pursuant to Civil Service Law § 75 (*see generally Matter of Miller v Schwartz*, 72 NY2d 869, 870 [1988], *rearg denied* 72 NY2d 953 [1988]).

We further conclude, however, that the court erred in awarding petitioner costs because the court failed to set forth in a written decision "the conduct on which the award . . . is based, the reasons why the court found the conduct to be frivolous, and the reasons why the court found the amount awarded . . . to be appropriate" (22 NYCRR 130-1.2).

We therefore modify the order accordingly. Present— Martoche, J.P., Fahey, Green and Pine, JJ.