OPINION OF THE COURT
Eugene P. Devine, J.
Petitioner Ann Pfau, as Chief Administrative Judge of the Courts of the Unified Court System of the State of New York (UCS), challenges respondent New York State Public Employment Relations Board’s (PERB) May 20, 2008 determination of an improper practice charge filed against petitioner by intervenor-respondent District Council 37, AFSCME, AFL-CIO (Council 37).
In its improper practice charge, Council 37 claimed that petitioner’s refusal to comply with Council 37’s document demands in a disciplinary proceeding against one of Council 37’s members violated the Civil Service Law. Although respondent ultimately rejected some of Council 37’s document requests as being overly broad, respondent determined that petitioner’s refusal to provide the remaining records to Council 37 violated Civil Service Law § 209-a (1) (a) and (d).
Before addressing petitioner’s claims, it is important to recognize the narrow limits of judicial review of administrative determinations such as respondent’s determination. First and foremost, the court recognizes that it is not authorized simply to substitute its judgment for respondent’s. To succeed in overturning respondent’s determination, petitioner has the burden of demonstrating that respondent’s determination was (1) without a sound basis in reason or without regard for the facts, thereby rendering it “arbitrary and capricious,” (2) in excess of respondent’s jurisdiction, (3) in violation of lawful procedure, positive statutory or constitutional requirements, or (4) an abuse of respondent’s discretionary power. Barring one or more of these wrongs, the court must confirm respondent’s determination.[1]
Petitioner’s claim that the determination was “arbitrary and capricious” is undermined by the fact that the determination here is somewhat consistent with respondent’s earlier determination that unions, as the representatives of employees who are *262 facing disciplinary charges, are entitled to information regarding the disciplinary charges against the employee and that the documents should be turned over to the hearing officer for in camera inspection. Respondent’s determination was recently confirmed by the Appellate Division, Third Department.[2] Given that precedent, it would have been arguably arbitrary and capricious for respondent to disregard its earlier decision and rule in petitioner’s favor.
Although that precedent satisfies the court that respondent’s determination is not arbitrary and capricious, the court finds that Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd. is not a controlling precedent here because it did not address the issue that is central to this case. The crucial issue in this case is whether Civil Service Law, article 14, § 200 et seq. (the Taylor Law) entitles unions to the same disclosure in employee disciplinary hearings as they receive when filing grievances. The court concludes that grievances are very different from disciplinary hearings for purposes of the Taylor Law discussion. Grievances are an inherent part of union organization or employee participation in unions; disciplinary hearings and union representation in those hearings are not.[3] Thus, respondent has no authority to intrude on the disciplinary hearing process and cut out a specific collectively bargained-for item from the contract. Respondent acted beyond its authority when it determined to stretch the Taylor Law by extending to the disciplinary hearing process a right that heretofore was only part of the grievance process.
The court does not deny that prehearing disclosure would be helpful to union representation of employees at disciplinary hearings, but finds that it is not essential to that representation. The present procedure of allowing petitioner to voluntarily release documents and for the hearing officer to make determinations whether further material is relevant and should be released is sufficient to meet due process and provides an adequate administrative process. If the employee is not satisfied with the hearing officer’s decision, then that decision may be *263 appealed administratively, and the final administrative decision may be challenged in court.
The court agrees with petitioner that PERB is creating an alternate system for obtaining discovery that would destroy a fundamental attribute of a summary disciplinary proceeding, its speedy resolution of the merits, by cutting the hearing officer out of the process by allowing the union to apply to PERB for discovery based on an improper practice claim. This approach not only would delay the disciplinary process but makes it likely that the two systems will reach different results and require further proceedings to resolve those differences.
Petitioner has met her burden of demonstrating that respondent’s determination was in excess of respondent’s jurisdiction, violative of positive statutory requirements, and an abuse of respondent’s discretionary power. Accordingly, the petition is granted without costs and respondent’s May 20, 2008 determination is vacated and annulled and respondent is prohibited from enforcing that order.

. Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 (1974).

. Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd., 46 AD3d 1037, 1038 (3d Dept 2007), affg 14 Misc 3d 199 (Sup Ct, Albany County 2006), confirming Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO (State of New York [Off of Mental Retardation & Dev. Disabilities]), 38 PERB ¶ 3036 (2005).

. Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 8 NY3d 226, 232-233 (2007).