In the Matter of ANN PFAU, as Chief Administrative Judge of the Unified Court System of the State of New York, Respondent, v PUBLIC EMPLOYMENT RELATIONS BOARD et al., Appellants. [892 NYS2d 667]—

Lahtinen, J.

Respondent Public Employment Relations Board (hereinafter PERB) determined that the Unified Court System (hereinafter UCS) engaged in an improper practice under the Taylor Law (*see* Civil Service Law art 14) when it refused the prehearing disclosure demands of an employee facing disciplinary charges. Supreme Court ultimately vacated and annulled PERB's order. PERB and respondent District Council 37, Local 1070, AFSCME,

AFL-CIO (hereinafter the Union), which intervened in this proceeding, appeal.

Disciplinary charges were served in August 2005 by UCS on one of its employees, who was a member of the Union. The charges, and subsequent supplemental charges, included separate specifications setting the date, time, location and nature of each alleged instance of misconduct. The attorney from the Union who was representing the employee made a disclosure demand requesting a litany of information. Citing the collective bargaining agreement, the Rules of the Chief Judge and long-standing practice, UCS took the position that there was no right to disclosure before a disciplinary hearing. UCS added that, as an accommodation, it would provide counsel with copies of documents it intended to use before the hearing and that, if counsel believed further specific information was needed, counsel should make an application to the hearing officer. The Union filed an improper practice charge alleging violations of Civil Service Law § 209-a (1) (a) and (d). Now, over four years after the disciplinary proceeding was commenced, the disclosure dispute remains unresolved.[1]

In a November 2007 decision, the Administrative Law Judge for PERB held that UCS had engaged in an improper practice and directed disclosure of all the demanded information. Upon administrative review, PERB, in a May 2008 decision, agreed that the Union had a right to prehearing disclosure. However, PERB deleted some of the disclosure requests as overbroad and unduly burdensome. PERB rejected UCS's contention that there is a significant and dispositive distinction between a right to information in the context of a contractual grievance and a right to prehearing disclosure in a disciplinary proceeding. Supreme Court, however, found the distinction between contractual grievances and disciplinary proceedings critical, and further noted that the disclosure procedure created by PERB would undermine speedy resolution of disciplinary matters. The court concluded that PERB's determination was in excess of its jurisdiction, violative of statutory requirements and an abuse of discretion.

When PERB acts within areas of its expertise, judicial review of its action is limited (*see Matter of West Irondequoit Teachers Assn. v Helsby*, 35 NY2d 46, 50 [1974]). PERB cannot, however, create rights not contemplated by statute (*see Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd.*, 8 NY3d 226, 231 [2007]) or otherwise act in an arbitrary or ir-

---

1. After waiting for a considerable period of time because of the pending improper practice charge, UCS eventually proceeded with the disciplinary hearing, which resulted in termination of the employee.

rational fashion (*see Matter of County of Saratoga v New York State Pub. Empl. Relations Bd.*, 21 AD3d 1160, 1164 [2005]). Civil Service Law § 209-a (1), together with Civil Service Law §§ 202 and 203, provide firm footing for the recognized right of an employee organization to obtain information relevant to a potential contractual grievance about the interpretation, application or alleged violation of a provision of a collective bargaining agreement (*see Matter of Hampton Bays Union Free School Dist. v Public Empl. Relations Bd.*, 62 AD3d 1066, 1068 [2009], *lv denied* 13 NY3d 711 [2009]; *Matter of Civil Serv. Empls. Assn. v New York State Pub. Empl. Relations Bd.*, 46 AD3d 1037, 1037-1038 [2007]; *Matter of County of Erie v State of New York*, 14 AD3d 14, 17-18 [2004]).

However, disciplinary proceedings, which involve alleged misconduct by an employee, serve a significantly different function than a grievance. Disciplinary proceedings are intended to promptly resolve allegations of employee misconduct (*see Rao v Gunn*, 73 NY2d 759, 761 [1988]; *Matter of Chopay v Town of Oyster Bay*, 99 AD2d 810 [1984]; *Levine v New York City Tr. Auth.*, 70 AD2d 900, 902 [1979], *affd* 49 NY2d 747 [1980]).[2] The specifications of alleged misconduct must, of course, be sufficiently detailed to permit the charged employee to prepare and present a defense (*see Matter of Fitzgerald v Libous*, 44 NY2d 660, 661 [1978]; *Foley v State of N.Y., Unified Ct. Sys., Off. of Ct. Admin.*, 181 AD2d 447, 448 [1992]). Significantly, however, there is no general right to disclosure in a disciplinary proceeding (*see Matter of Utica City School Dist. v Fehlhaber*, 59 AD3d 957, 958 [2009]; *Matter of Connolly v Williams*, 210 AD2d 19, 20 [1994]; *Matter of Sinha v Ambach*, 91 AD2d 703 [1982]).

PERB acknowledged that if the disciplinary proceeding had been held pursuant to a statute, such as Civil Service Law § 75, there would have been no right to prehearing disclosure. In its decision, PERB determined that the disciplinary procedures set forth in the agreement expanded on the procedures provided by the Rules of the Chief Judge (*see* 22 NYCRR 25.29) and, therefore, the disciplinary procedures should be considered as negotiated ones rather than arising from statutory or regulatory provisions. And, although PERB further observed that the right to disclosure in grievance proceedings supports the extension of the right to disclosure in disciplinary proceedings, PERB

---

2. The desire for prompt resolution is further reflected by the fact that the collective bargaining agreement permitted the charged employee to be suspended without pay for a period not exceeding 30 days, a provision which mirrored the Rules of the Chief Judge (*see* 22 NYCRR 25.29 [c]), as well as analogous statutory provisions (*see* Civil Service Law § 75 [3]).

noted that the right to prehearing disclosure would neverthe-less be relinquished if the employee opted for private repre-sentation rather than a Union attorney.

The record reflects that UCS had taken a consistent approach to disclosure demands in employee disciplinary matters for over 20 years, spanning the life of several collective bargaining agree-ments. Established precedent undergirding the general rule that there is no right to disclosure in disciplinary proceedings (*see Matter of Utica City School Dist. v Fehlhaber*, 59 AD3d at 958; *Matter of Connolly v Williams*, 210 AD2d at 20; *Matter of Sinha v Ambach*, 91 AD2d at 703) and the fact that the parties' agreement addressed disciplinary procedures without providing for disclosure lend further support to UCS's position. If the agreement did provide for disclosure, undoubtedly, it would nec-essarily provide an expedited manner for resolving disputes about disclosure.[3] The procedure created by PERB in this proceeding of addressing disclosure in the context of an improper practice charge is in serious disaccord with one of the settled objectives of employee discipline, i.e., that the procedure should not be unduly protracted. Indeed, the lengthy delays in addressing the issue by the Administrative Law Judge and then PERB in the current case, together with the varying levels of disclosure each directed, serve as an example of the unwork-ability of the disclosure procedure imposed by PERB. Moreover, creating a procedure that makes disclosure contingent upon us-ing Union counsel rather than private counsel, without evi-dence that such a result was ever desired or even discussed by any party, lacks rationality. Based on the above, we agree with Supreme Court's conclusion that, in light of, among other things, the starkly disparate roles of contractual grievances and employer disciplinary proceedings, it was arbitrary to import the established right to information in contractual grievances into employee disciplinary proceedings.

Mercure, J.P., Peters, Kavanagh and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs. **[Prior Case History: 24 Misc 3d 260.]**

---

**3.** Interestingly, the informal approach previously used by UCS of having requests for information directed to the hearing officer for resolution is con-sistent with the approach urged as the most practical by one scholarly com-mentator (*see* Cooper, *Discovery in Labor Arbitration*, 72 Minn L Rev 1281, 1328-1329 [1988]).