■ In the Matter of SIMMONS MACHINE TOOL CORPORATION, Appellant, v ST. PETER'S HEALTH CARE SERVICES, Respondent, and JOHN DOE, Respondent. [934 NYS2d 578]—Mercure, A.P.J.

Pursuant to a collective bargaining agreement, petitioner

implemented a "Substance-Free Workplace Policy" that permitted random drug testing of its employees. Respondent John Doe failed two of those tests and, as required by the terms of the policy, enrolled in a rehabilitation program operated by respondent St. Peter's Health Care Services. While Doe's treatment record is confidential under federal and state law (*see* 42 USC § 290dd-2 [a]; Mental Hygiene Law § 22.05 [b]), he authorized St. Peter's to release portions of it to petitioner, including assessment and screening documents, progress notes, and items related to "samples for drug screening and . . . results."*

While participating in the rehabilitation program, Doe failed an alcohol breath test. Petitioner was advised of the positive result, treated it as Doe's third violation, and terminated him as allegedly required by the substance abuse policy. Through his union, Doe filed a grievance protesting his termination. Shortly before an arbitration hearing commenced, Doe revoked his authorization for the release of his treatment records, thereby frustrating petitioner's aim of placing those records and related testimony into evidence at the hearing.

Petitioner then commenced this special proceeding, arguing that Doe had waived his right to keep the records confidential and that good cause existed to authorize their release (*see* 42 USC § 290dd-2 [b] [2] [C]). Supreme Court disagreed and dismissed the petition, finding that petitioner had not demonstrated good cause justifying the release of the records. The court also rejected petitioner's subsequent motion to renew. Petitioner appeals from both orders, and we now modify by granting the petition insofar as it sought Doe's treatment records relating to the positive test result.

The records sought indisputably pertain to "the identity, diagnosis, prognosis, or treatment of" Doe for substance abuse by a facility receiving federal funding and, therefore, are confidential unless disclosure is otherwise permitted under 42 USC § 290dd-2. We agree with petitioner that the records may be disclosed pursuant to that statute to the extent that they relate to the positive test result.

Doe's revocation of his initial authorization to disclose the treatment records to petitioner was ineffective insofar as it related to the test result, because petitioner had "already acted in reliance on" that result in terminating Doe's employment (42 CFR 2.31 [a] [8]; *see* 42 USC § 290dd-2 [b] [1]; [g]). Doe's treatment records also contain confidential communications related

---

* Doe claims that this authorization was subsequently altered without his approval, but his original authorization encompassed alcohol breath test results (*cf. Jeanette A v Condon*, 728 F Supp 204, 206 [SD NY 1989]).

to that result and, while petitioner was not entitled to disclosure of those communications solely by virtue of Doe's election to grieve his discharge (*see Local 738, Intl. Broth. of Teamsters v Certified Grocers Midwest, Inc.*, 737 F Supp 1030, 1033-1034 [ND Ill 1990]), disclosure is nevertheless appropriate if it occurs "in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications" (42 CFR 2.63 [a] [3]). In that regard, Doe concedes that he "provided testimony during the . . . arbitration proceeding pertaining to the purported failed test." Accordingly, he "waived his privilege by means of offering testimony or other evidence pertaining to" the test result (*Local 738, Intl. Broth. of Teamsters v Certified Grocers Midwest, Inc.*, 737 F Supp at 1034; *see Fannon v Johnston*, 88 F Supp 2d 753, 761 [ED Mich 2000]). Petitioner is therefore also entitled to disclosure of confidential information related to the positive test result, and we remit this matter so that Supreme Court may determine what part of the treatment record falls into that category and fashion an appropriate disclosure order (*see* 42 CFR 2.64 [e]).

Doe did not waive the privilege with respect to other portions of his treatment record, and we agree with Supreme Court that petitioner failed to demonstrate good cause to warrant any further disclosure (*see* 42 USC § 290dd-2 [b] [2] [C]). In this context, good cause requires a finding that "[t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services" (42 CFR 2.64 [d] [2]; *see* 42 USC § 290dd-2 [b] [2] [C]; *Matter of Commissioner of Social Servs. of City of N.Y. v David R. S.*, 55 NY2d 588, 594 [1982]). Petitioner terminated Doe solely due to the positive test result and has failed to articulate any need for documents unrelated to it.

Petitioner's remaining arguments have been considered and have either been rendered academic in light of the foregoing or found to be without merit.

Peters, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the order entered February 16, 2011 is modified, on the law, without costs, by reversing so much thereof as denied that part of petitioner's application for disclosure of certain records related to a positive alcohol test; petition granted to the extent of disclosing said records, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed. Ordered that the order entered June 6, 2011 is affirmed, without costs.