Garcia, J.
(dissenting). The majority believes that the City of New York has conceded that the statutory discovery obliga *555 tion contained in Administrative Code of the City of New York § 12-306 (c) (4) (New York City Collective Bargaining Law [NYCCBL]) extends to “grievances” (majority op at 553). The majority then concludes that, because the parties’ collective bargaining agreement defines “grievance” to include “disciplinary action taken against an employee,” the City’s discovery obligation necessarily extends to disciplinary actions (majority op at 553). I disagree with both propositions, and therefore I respectfully dissent.[1]
I.
Initially, I question the majority’s premise that the City has “acknowledge[d]” that its statutory duty under NYCCBL § 12-306 (c) (4) extends to “grievances” — a word found nowhere in the text of the statute (majority op at 553). While the City has recognized that the Board has found that section 12-306 (c) (4) applies to “information relevant to and reasonably necessary for the administration of the parties’ agreements, such as processing grievances” — an interpretation this Court has never affirmed — the City does not concede that the Board’s determination is correct. To the contrary, the City calls into question the Board’s “contract administration framework,” noting that it “lacks grounding in any statutory text” and that it “is not free from doubt.”
Moreover, even if section 12-306 (c) (4) applies to certain “grievances,” the CBA’s definition of “grievance” is irrelevant to our analysis. The parties do not dispute that the CBA does not provide for the discovery right that NYSNA now seeks. Rather, NYSNA contends that the source of its discovery right is statutory — namely, NYCCBL § 12-306 (c) (4). Contrary to the majority’s holding, the scope and meaning of that statutory right is not determined with reference to the parties’ private agreement. Like most statutes, NYCCBL § 12-306 (c) (4) is broadly applicable; it governs multiple collective bargaining agreements, not just NYSNA’s. The meaning of section 12-306 (c) (4) does not — and cannot — vary based on the particular agreement at issue, or the precise terms that the parties “bargained for” *556 (majority op at 553). The terms of the CBA therefore have no place in our statutory interpretation analysis.[2]
Nor did the Board believe that the parties’ CBA somehow gave rise to a discovery right “as a matter of contract” (majority op at 553). To the contrary, the Board determined that the CBA “does not explicitly obligate the parties to provide requested information in conjunction with the disciplinary process” (NYSNA, 4 OCB2d 20 at 13 [BCB 2011] [emphasis added]). The Board instead held that NYCCBL § 12-306 (c) (4) contains a “statutory duty” — independent of the CBA — that “applies to requests made in the context of disciplinary grievances” (id. at 11).
II.
A plain reading of the statute confirms that it was not intended to apply to the instant discovery requests. In relevant part, NYCCBL § 12-306 (c) provides:
“Good faith bargaining. The duty of a public employer and certified or designated employee organization to bargain collectively in good faith shall include the obligation: . . .
“(4) to furnish to the other party, upon request, data normally maintained in the regular course of business, reasonably available and necessary for full and proper discussion, understanding and negotiation of subjects within the scope of collective bargaining” (NYCCBL § 12-306 [c] [4]).
The statute falls within chapter 3 of title 12 of the Administrative Code of the City of New York — a chapter entitled, “Collective Bargaining.” Subdivision (c) — the provision defining “[g]ood faith bargaining” — sets forth those rights and obligations attendant to the collective bargaining process. The five paragraphs of NYCCBL § 12-306 (c), then, are designed to specify the component obligations that comprise a public employer’s statutory duty to “bargain collectively in good faith” (NYCCBL *557 § 12-306 [c]). To that end, section 12-306 (c) (4) requires the exchange of “data” that is “necessary” to facilitate the bargaining process. Put another way, section 12-306 (c) (4) applies to discovery in connection with the formation and negotiation of a collective bargaining agreement, as distinguished from its implementation.[3]
Here, NYSNA does not seek discovery that is relevant to, or “necessary for,” the collective bargaining process (NYCCBL § 12-306 [c] [4]). The requested discovery does not, for instance, pertain to the employee discipline process which, the City agrees, is a mandatory subject of collective bargaining. Rather, NYSNA seeks discovery in connection with two particular employee disciplinary proceedings being resolved pursuant to an already-bargained-for procedure set forth in the CBA. NYSNA’s discovery requests pertain only to the substance of the underlying dispute — the propriety of two employee terminations for falsifying time records — and therefore do not implicate matters to be negotiated or embodied in a collective bargaining agreement.
The majority’s conclusion to the contrary is also “in serious disaccord with one of the settled objectives of employee discipline” — to “promptly resolve allegations of employee misconduct” (Matter of Pfau v Public Empl. Relations Bd., 69 AD3d 1080, 1082-1083 [3d Dept 2010]). Indeed, this objective is embodied in the parties’ CBA, which contemplates a swift and efficient dispute resolution process. For instance, the CBA imposes narrow time limitations on each step of the disciplinary grievance procedure, culminating in an “expedited arbitration process” that “allow [s] for the prompt adjudication of grievances.” The CBA does not contemplate discovery until the parties reach arbitration — the fourth stage of the grievance *558 process. Any earlier right to discovery is notably absent from the agreement.
III.
Nothing in the text of NYCCBL § 12-306 (c) (4) suggests that the statute itself confers the discovery right that NYSNA seeks. In order to reach its conclusion that discovery is required, the majority (1) adopts the view that the statute covers “grievances” — a term found nowhere in the text, and (2) concludes that the City therefore “bargained” away a discovery right by including disciplinary actions in the CBA’s definition of a “grievance” (majority op at 552-553). Our rules of statutory construction do not support that analysis. Nor did the Board adopt that reasoning.
NYSNA bargained for a detailed and comprehensive dispute resolution procedure outlined with specificity in the CBA — a process reflective of the parties’ intent to resolve employee grievances efficiently and expediently. If NYSNA desires a broader discovery right — or any other procedural protection — in connection with employee disciplinary proceedings, it is free to bargain for that right through the collective bargaining process.
I dissent, and would reverse the order of the Appellate Division, which dismissed the City’s CPLR article 78 proceeding challenging the Board’s decision.
Chief Judge DiFiore and Judges Rivera, Stein and Fahey concur; Judge Garcia dissents in an opinion.
Order affirmed, without costs, and certified question answered in the affirmative.

. The parties disagree regarding whether a deferential or de novo standard of review applies. Viewed as a matter of “pure statutory construction” subject to “de novo” review (Matter of New York City Tr. Auth. v New York State Pub. Empl. Relations Bd., 8 NY3d 226, 231 [2007]), I believe the plain language of NYCCBL § 12-306 (c) (4) compels reversal in this case. I would, however, reach the same result under either standard. Notably, the majority is silent as to whether a deferential standard of review applies.

. The majority also states that the City has conceded “in other proceedings” that its statutory duty extends to “grievances” (majority op at 553 n). But the 2013 Board decision cited by the majority postdates the parties’ 2008 CBA. The parties therefore could not have “incorporated” into the CBA an understanding, based on Board precedent, that section 12-306 (c) (4) applies to grievances, nor could they have “bargained for” the application of that discovery right to disciplinary actions (majority op at 553).

. The four other paragraphs of section 12-306 (c) similarly specify component obligations of a public employer’s statutory duty to “bargain collectively in good faith,” and plainly aim to facilitate the bargaining process: paragraph (1) requires employers “to approach the negotiations with a sincere resolve to reach an agreement”; paragraph (2) requires employers “to be represented at the negotiations by duly authorized representatives prepared to discuss and negotiate on all matters within the scope of collective bargaining”; paragraph (3) requires employers “to meet at reasonable times and convenient places as frequently as may be necessary, and to avoid unnecessary delays”; and paragraph (5) states that, “if an agreement is reached,” the employer must “execute upon request a written document embodying the agreed terms, and to take such steps as are necessary to implement the agreement” (NYCCBL § 12-306 [c] [1]-[3], [5]).